## 40323. WELDON v. BARNES.

MARSHALL, Presiding Justice.

The appellee, Barnes, and one Luckett were tried jointly on charges of burglary and theft by receiving stolen property. Barnes was convicted of burglary only. On appeal, the Court of Appeals affirmed his conviction, rejecting the argument that trial counsel's joint representation of him and Luckett rendered him ineffective. *Barnes v. State,* 160 Ga. App. 232 (286 SE2d 519) (1981). This was the sole enumeration of error raised in Barnes' appeal.

Subsequently, in December of 1982, Barnes filed this petition for writ of habeas corpus. In the petition, he argues, among other things, that the trial judge's instruction to the jury concerning the recent possession of stolen goods was unconstitutionally burden shifting. The habeas court agreed, and habeas relief was granted. The warden appeals.

There is both a substantive and a procedural issue raised in this appeal. The procedural issue concerns whether Barnes' failure to object to the giving of this jury charge at trial precludes him from raising the issue in these habeas proceedings. The substantive issue is, of course, whether the jury charge is in fact burden shifting.

1. We find it unnecessary to resolve the waiver question, since we conclude that the jury instruction was not burden shifting.

2. At trial, the judge charged the jury on recent possession in connection with the burglary charge only. He charged the jury:

"Now, Ladies and Gentlemen, I am going to charge you with

reference to recent possession, this particular charge on recent possession I'll tell you in the beginning, and when I get to the end of it, I will tell you that is the end of the charge on recent possession. It is applicable only to the charge of burglary, and is applicable, of course, as to each defendant . . . Now if it is proved to the extent required by law that a burglary occurred and if you find in considering the evidence that any property taken in the alleged burglary was found thereafter in the possession of a particular defendant and that it was identified beyond a reasonable doubt as the property taken in the alleged burglary, then you have the right to consider such evidence in arriving at your verdict under these conditions: If the possession was recent, absolute, and unexplained, such possession would permit you to infer the guilt of such defendant. The lapse of time for the possession to be recent, the possession necessary for it to be absolute, that is absolute possession by such defendant and whether such possession is satisfactorily explained by the evidence or not, are all matters for you to determine. If there was such possession but you do not find it to be recent or absolute, then there would be no inference of guilt. If there was such a possession by a particular defendant of the stolen property shortly after the alleged crime and such possession by such defendant was absolute and was not satisfactorily explained by the evidence, then you may consider such evidence as an inference of guilt and give it such weight as you see proper on the question as to whether it is established to the extent required by law that such particular defendant was guilty of the crime charged."

In our opinion, this recent-possession instruction passes constitutional muster under this court's explication of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) in *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981).

In *Williamson,* supra, the jury was instructed that proof of recent, absolute, unexplained possession was a circumstance "along with all the other evidence adduced from which the jury may infer guilt, unless, of course, the defendant should make an explanation of his possession of the stolen property consistent with his pleas of innocence, which, again, is a question for you, the jury, to determine." 248 Ga. at 57. Here, the jury was instructed that proof of recent, absolute, unexplained possession would permit the jury to infer the guilt of the defendant "and give it such weight as you see proper on the question as to whether it was established to the extent required by law that such particular defendant was guilty of the crime charged."

Thus, this charge could not have been reasonably viewed as mandatory. Furthermore, the challenged instruction did not require the defendant to prove the contrary by any quantum of evidence,

"but, rather, indicates to the jury that if a satisfactory explanation of the defendant's possession *is* made, they are not permitted to draw the presumption. Thus the language does not have the effect of shifting the burden of persuasion to the defendant but simply advises the jury that, under certain circumstances, they are not entitled to draw the presumption." *Williamson v. State,* supra, 248 Ga. at 59-60.

3. Nonetheless, the appellee argues that the recent-possession instruction here is contrary to the holdings of *Reidling v. State,* 127 Ga. App. 93 (192 SE2d 531) (1972), and the cases cited therein. These cases hold that evidence of unexplained possession of recently-stolen goods, standing alone, will not support a conviction for theft by receiving stolen goods, in that it is insufficient in itself to infer guilty knowledge; however, it is sufficient to support an inference of guilt as to the principal thief. See *Higginbotham v. State,* 124 Ga. App. 489 (184 SE2d 231) (1971).

Here, the trial judge charged the jury that proof of recent, absolute, unexplained possession would support an inference of guilt as to the burglary charge, but not as to the theft-by-receiving charge. Therefore, there is no conflict between this jury charge and the holding of the foregoing cases. In addition, as we have previously held, this jury charge is not burden shifting.

*Judgment reversed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED NOVEMBER 30, 1983 — REHEARING DENIED DECEMBER 20, 1983.

*Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellant.
*Howard Tate Scott,* for appellee.