S92A1099. WALLACE v. HIGGS.
(421 SE2d 69)

HUNT, Justice.

The warden appeals the habeas court's grant of Higgs' petition for the writ of habeas corpus. The habeas court, citing *Powell v. State,* 187 Ga. App. 878 (4) (372 SE2d 234) (1988), held the trial

court's charge on intent was unconstitutionally burden-shifting because it required a mandatory inference of intent. See *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

In *Isaacs v. State*, 259 Ga. 717, 735 (35b) (386 SE2d 316) (1989), we distinguished permissive inferences or presumptions from those which are unconstitutionally mandatory:

> A permissive inference is an evidentiary device that permits, but does not require, the jury to infer the elemental fact from proof by the prosecutor of the basic fact. By contrast, a mandatory presumption instructs the jury that it must infer the elemental fact once the state has proved the basic fact. The difference between the two may be found in the presence or absence of "language of command" such as "shall be." An instruction containing a mandatory presumption commands that the jury reach a particular conclusion, while an instruction couched in terms of an inference merely suggests, but does not command, that the jury do so. . . .

Id. at 735. Thus, in *Powell v. State*, supra, the Court of Appeals correctly held that the language contained in the trial court's charge on intent, "the law infers," is mandatory since the jury is told that a finding of fact x legally follows from proof of fact y. Id.

Here, however, the jury was instructed that it "may infer" intent to kill from the proof of other acts. "Phrases such as 'intent may be inferred . . . ,' or 'it is reasonable to infer . . . ,' or 'you may draw the inference that . . . ,' are clearly permissive in nature." Id. at 736. Thus, the trial court's charge on intent was permissive and not unconstitutionally burden-shifting. The habeas court erred by granting Higgs' petition for the writ of habeas corpus. Id.; *Barron v. State*, 261 Ga. 814, 815 (2) (411 SE2d 494) (1992).

*Judgment reversed. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Massie H. McIntyre, Special Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellant.

*Stubbs & Associates, M. Francis Stubbs*, for appellee.