A00A1899. KIER v. THE STATE.
(543 SE2d 801)

RUFFIN, Judge.

A jury found Clifford Leon Kier guilty of one count each of theft by taking a farm tractor, theft by taking a motorcycle and criminal trespass. The jury acquitted Kier of taking a second farm tractor. Kier appeals, challenging the sufficiency of the evidence and the trial court's ruling on his objection to the State's purportedly irrelevant and prejudicial cross-examination. For reasons that follow, we affirm.

1. In reviewing Kier's challenge to the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility.[1] Instead, we review the evidence presented at trial in the light most

favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Kier guilty of each element of the charged offenses beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that shortly after midnight on July 20, 1998, Woodrow Clemons was driving home when he unexpectedly saw his farm tractor lying in a ditch alongside a road. Clemons called his neighbor, Hilton Brinson, to help him pull the tractor from the ditch. Brinson, who owned a large truck, agreed to help.

Brinson arrived at the scene before Clemons and saw not one, but two tractors. Brinson testified that Kier was driving the second tractor. According to Brinson, Kier told him that "he was walking and he seen the tractor in the ditch and he went and borrowed another tractor to pull it out." Brinson informed Kier that Clemons was on his way, and Kier quickly left. When Clemons arrived, Brinson informed him that Kier had offered to help and described the tractor Kier was driving. Clemons recognized the tractor as one owned by his neighbor William Wright. After retrieving his own tractor, Clemons went to Wright's home and confirmed that Wright's tractor was indeed missing. Wright, who had not given anyone permission to take his tractor, called the sheriff's department and informed them that Kier had taken his tractor.

Deputy Charles McEady, who knew Kier, drove to Kier's home to look for the tractor. While en route, Deputy McEady saw Kier driving the tractor with a motorcycle loaded on the tractor's harrow. As Deputy McEady described the scene, it was around 2:00 or 2:30 in the morning and he saw "some funny lights and something wobbling over the roadway. . . . [I]t was a tractor weaving all over the road up front." When Deputy McEady turned on his blue lights, Kier, who was headed for home, did not immediately stop, but pulled over only when a second deputy arrived.

After detaining Kier, Deputy McEady advised him of his *Miranda*[3] rights, and Kier explained that he was taking the tractor home to repair it. Shortly thereafter, however, Wright and Clemons arrived, and Wright identified the tractor as his own. Clemons identified the key in the tractor's ignition as the one from his tractor.[4] As the motorcycle did not belong to Wright or Clemons, Deputy McEady had it impounded.

Later that morning, Chester Bailey went to work at his business

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] Although Clemons owned a different model tractor, the evidence showed that his tractor key was interchangeable with Wright's tractor key.

located in the vicinity of Kier's arrest. Bailey discovered that during the night someone had broken a gate off its hinges, knocked down wires that crossed the driveway and taken his son's motorcycle. Upon further investigation, Bailey discovered farm tractor tire tracks in the area. Bailey's son later identified the motorcycle recovered from Kier as his own. The son testified that he never gave anyone permission to take the motorcycle. Kier was later charged with theft by taking Clemons' ditched tractor, Wright's tractor and Bailey's motorcycle and with criminal trespass for his activities at Bailey's business.

At trial, Kier denied taking the tractors and the motorcycle. According to Kier, during the early morning hours preceding his arrest, he was riding his bicycle to his mother's house when he met a man whom he had "seen several times, that was side [sic] the road and he said he had broke down." Kier testified that the man had just changed a flat tire on the tractor and was waiting for his son to come drive the tractor home. Kier asserted that the man's son never came, that the man asked him to drive the tractor home and that when the sheriff stopped him on the tractor, he was driving to the man's house. Kier, however, did not know the man's name or where he lived and gave only a vague description of the man. Kier denied encountering Brinson on the morning of his arrest and further denied telling Deputy McEady that he was taking the tractor home to repair it.

Based on this evidence, the jury found Kier guilty of theft by taking Wright's tractor and Bailey's motorcycle and of criminal trespass of Bailey's business. On appeal, Kier argues that there was no direct evidence he committed these offenses and that the wholly circumstantial evidence was insufficient to support his conviction. We disagree.

Under Georgia law, "[a] person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[5] Although evidence that Kier possessed the tractor and motorcycle is not automatically sufficient for us to affirm his theft convictions, the

> absence of or unsatisfactory explanation of the possession of the [stolen] goods will support a conviction for theft by taking based upon recent possession of the . . . goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of

---

[5] OCGA § 16-8-2.

the stolen property.[6]

In this case, the State established that Kier possessed Wright's tractor and Bailey's motorcycle, which were stolen earlier in the night. Under such circumstances, the jury was authorized to reject Kier's explanation that he was merely driving the tractor and motorcycle to an address he did not know, for a man he could not name at 2:30 in the morning.[7] Furthermore, when Deputy McEady stopped Kier, he was driving the tractor toward his own home. Finally, the jury was also authorized to consider Kier's conflicting explanations to various individuals about why he possessed the tractor and motorcycle.[8] Kier told one witness that he borrowed the tractor to pull another tractor from the ditch. Kier told another witness that he was taking the tractor to his own home to repair it. Both explanations conflicted with his trial testimony that an unidentified man asked him to drive the tractor to an unknown location.

Even if the State's evidence is characterized as circumstantial, "[t]he rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of (his) innocence."[9] Under the *Jackson* standard, and for the reasons discussed above, we find that the evidence satisfies this burden.

The same is true for the evidence supporting Kier's conviction for criminal trespass. "A person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose."[10] We have already concluded that the evidence is sufficient for a jury to find Kier guilty of theft of the motorcycle. This, coupled with the evidence that someone on a tractor broke into Bailey's business and took the motorcycle, is sufficient to satisfy the *Jackson* standard.[11]

2. Kier also asserts that the trial court erred in overruling his objection to what he characterized as irrelevant and prejudicial cross-examination. The record shows that during cross-examination, the prosecutor asked Kier a series of leading questions concerning his alleged theft of Clemons' tractor. Kier's attorney objected stating: "The defendant has testified that he has not taken the tractor. All these follow-up questions that would speculate that he had taken the

---

[6] (Punctuation omitted.) *Gibson v. State*, 243 Ga. App. 610, 611 (2) (a) (533 SE2d 783) (2000) (quoting *Smith v. State*, 234 Ga. App. 586, 592-593 (7) (a) (506 SE2d 406) (1998)).

[7] See *London v. State*, 235 Ga. App. 30, 32 (1) (c) (508 SE2d 247) (1998).

[8] See *Pope v. State*, 240 Ga. App. 803, 804 (1) (522 SE2d 291) (1999).

[9] Id. at 805 (1).

[10] OCGA § 16-7-21 (b) (1).

[11] See *Smith v. State*, 226 Ga. App. 150, 151 (1) (485 SE2d 538) (1997).

tractor is unduly prejudicial and it's irrelevant. The defendant has already testified that he did not take the tractor." We find no merit in Kier's claim of error.

The State had a right to conduct a thorough and sifting cross-examination,[12] and

> the scope of such cross-examination is within the sound discretion of the trial court who may curtail inquiries which are not relevant or material. The trial court may curtail inquiries which are unduly repetitive or harassing and may exercise reasonable judgment in determining when a subject is exhausted. Such restrictions lie within the discretion of the trial court and will not be disturbed on appeal unless manifestly abused.[13]

Upon reviewing the cross-examination which preceded Kier's objection, we find that the trial court did not manifestly abuse its discretion in overruling Kier's objection. Each of the questions was relevant; the State's attorney was attempting to establish whether Kier took Clemons' tractor. Certainly, the State is not barred from cross-examining Kier on this matter merely because Kier denied theft of the tractor. Finally, inasmuch as the State's query concerned Kier's alleged theft of Clemons' tractor and Kier was acquitted of that count, it is unclear how he was prejudiced by the questioning.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 27, 2000 — ■

*Copeland & Haugabrook, Karla L. Walker*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

---

[12] See OCGA § 24-9-64.
[13] *Daniels v. State*, 235 Ga. App. 296, 297 (1) (509 SE2d 368) (1998).