S03A0045. WILSON v. THE STATE.
(576 SE2d 852)

THOMPSON, Justice.

Saleem Ahmed Wilson was convicted by a jury of malice murder, felony murder with the underlying felony of aggravated assault, and aggravated assault in connection with the stabbing death of Donnell Thomas.[1] He was initially sentenced to life imprisonment for malice

---

[1] The crime occurred on May 14, 1998. An indictment was returned on October 23, 1998, charging Wilson with malice murder, felony murder while in the commission of an aggravated assault, and aggravated assault. Trial commenced on March 2, 1999, and on March 5, 1999, a jury found Wilson guilty as charged. He was sentenced on March 18, 1999, to life imprisonment for malice murder. A motion for new trial was filed on March 23, 1999, and amended on August 23, 2001. On December 17, 2001, the trial court vacated and dead docketed the conviction for malice murder, and denied the motion for new trial on all other grounds. Wilson was resentenced on December 19, 2001, to life imprisonment for felony murder. On August 16, 2002, the trial court entered an order allowing Wilson to file an out-of-time appeal. A notice of appeal was filed on August 22, 2002. The case was docketed in

murder and the trial court merged the two remaining offenses. On motion for new trial, however, the malice murder conviction was vacated and placed on the dead docket due to harmful error in the jury charge. The trial court resentenced Wilson to a life term for felony murder. On appeal, Wilson asserts that the same erroneous jury instruction mandates that his felony murder conviction be vacated as well. We disagree and affirm his conviction for felony murder.

The evidence established that on the day prior to the stabbing, Wilson had argued with and beaten his girlfriend, Latanya Sterling, because he believed she was also dating Thomas. The next afternoon, Thomas drove to Sterling's home where he encountered Wilson in the front yard. The two men engaged in a fight during which Wilson fatally stabbed the victim in the chest. He then sped away in Thomas' car. Sterling and two bystanders observed the altercation and saw Wilson flee the scene. Shortly thereafter, Wilson telephoned Thomas' employer and claimed he had "beat him up," and that Thomas "would be in the hospital."

1. The evidence was sufficient to enable a rational trier of fact to find Wilson guilty beyond a reasonable doubt of felony murder while in the commission of an aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In the context of the jury instruction on malice murder, the court charged as follows:

> Malice may be formed in a moment, and instantly a mortal wound may be inflicted. Yet if malice is in the mind of the defendant or the accused at the time of the doing of the act or killing and if that's what moves the accused to do it, such is sufficient to constitute the homicide as murder. To kill by using a deadly weapon in a manner likely to produce death will raise a presumption of intention to kill.

A similar charge on malice murder was held to be constitutionally defective in *Pace v. State*, 274 Ga. 69, 70 (548 SE2d 307) (2001) in that it "impermissibly shifted the burden of proof to [the accused] on the essential elements of intent and malice, thus violating the dictates of *Sandstrom v. Montana*, [442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979)] and *Francis v. Franklin* [471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985)]." See also *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001) (use of "deadly weapon charge" is error).

Wilson asserts that the defective charge also misled the jury with regard to the offense of felony murder and that he is, therefore,

this Court on September 11, 2002, and was submitted for a decision on briefs on November 4, 2002.

entitled to a new trial. We have reviewed the charges on felony murder and the underlying felony of aggravated assault and find that they were complete and correct statements of the law. The State elected to forego a reprosecution of Wilson for malice murder, leaving the court with the option of entering a judgment of conviction and sentence on the jury's verdict of felony murder. That option was approved in *Pace*, supra at 70, where, as here, "the erroneous instructions on intent and malice were given specifically on the charge of malice murder." Accordingly, we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 27, 2003.

*James D. Cooper, Jr.*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Wylencia H. Monroe*, Assistant Attorney General, for appellee.