S03A1044, S03A1045. JOHNSON v. THE STATE (two cases).
(586 SE2d 306)

BENHAM, Justice.

Appellant Davon Rogae Johnson was convicted of malice murder, burglary, robbery by force, and theft by taking in connection with the strangulation death of Karen Williams in Fulton County.[1] He appeals

---

[1] On March 26, 1999, the Fulton County grand jury returned a true bill of indictment charging appellant with malice murder, two counts of felony murder, aggravated assault, robbery by force, burglary, and theft by taking. Appellant was re-indicted for these offenses on March 24, 2000. Appellant's trial commenced on April 4, 2000, and concluded on April 7

the judgment of conviction on the ground that the trial court committed reversible error in giving a jury instruction on possession of recently stolen goods. We disagree with appellant's contention and affirm the judgment of conviction.

1. The victim was found strangled to death by an electrical cord in her Atlanta apartment on November 25, 1998. Investigating officers found no evidence of forced entry and discovered the victim's car keys were missing and her car had been removed from the complex. Appellant Davon Johnson had moved from Charleston, South Carolina, into a friend's apartment located below that of the victim 12 days before she was found dead. Evidence adduced at trial showed the last telephone call received by the victim in her apartment was made from the apartment where appellant was staying at a time when he was the only person in the apartment. The victim's car was recovered in Charleston the day after the victim's body was found, and DNA found on cigarette butts in the vehicle matched appellant's DNA. The victim's cell phone records indicated that numerous calls originating in Charleston had been made from the phone after the victim's death. Appellant admitted to police he had stolen Ms. Williams' vehicle on November 24 to return to Charleston and had used the cell phone he found inside the vehicle, but denied killing the victim. However, a witness testified appellant repeatedly had told him, "I killed that bitch"; another witness, a long-time friend of appellant, testified that after he questioned appellant about how appellant had obtained the car, appellant responded that he had been searching through the victim's house, she had threatened to call the police, and he "didn't leave a witness." The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in instructing the jury that they could infer appellant's guilt of robbery or auto theft from appellant's recent possession of the stolen car keys unless there had

---

with the jury's return of guilty verdicts on all counts. He was sentenced on the same day to life imprisonment for the malice murder conviction and the felony murder convictions were vacated by operation of law. He was also sentenced to two consecutive twenty-year prison terms for his convictions for robbery by force and burglary, and a consecutive ten-year term for the theft by taking conviction. The first indictment was placed on the dead docket on April 14, 2000. The aggravated assault conviction merged as a matter of fact into malice murder. Appellant filed a motion for a new trial on April 27, 2000, which was denied on April 12, 2002. The trial court granted appellant permission to file an out-of-time appeal on January 16, 2003, and a notice of appeal that referenced both the indictment appellant was tried on and the indictment that was dead-docketed after appellant was sentenced was filed on January 17, 2003. As a result of the reference to two indictments in the notice of appeal, two appeals were docketed in this Court on April 1, 2003. They have been combined and submitted for decision on the briefs.

been presented a reasonable explanation of the recent possession of the stolen goods.[2] Appellant argues the trial court unduly emphasized the importance of his possession of the victim's keys in violation of *Renner v. State*, 260 Ga. 515 (3) (b) (397 SE2d 683) (1990). In *Renner*, this Court ruled that it is error for a trial court to charge the jury on flight in a criminal case since such a charge identifies and explains the possible consequences of one circumstance and not others, and could be interpreted by the jury as an intimation of opinion by the court that there is evidence of flight and that the circumstances of flight imply the guilt of the defendant. Appellant contends that the rationale of *Renner* is equally applicable to the jury instruction concerning the inference that can be drawn from a defendant's recent possession of stolen property. In *Renner*, this Court set forth that it is reversible error for a court to charge the jury on the specific issue of *flight*. *Renner* has not been applied to cases involving anything other than flight. See, e.g., *Hall v. State*, 261 Ga. App. 64 (581 SE2d 695) (2003) (*Renner* rationale not applicable to jury charge on testifying defendant's interest in the outcome of the case as a matter for jury consideration in determining defendant's credibility); *Dukes v. State*, 256 Ga. App. 236 (2) (568 SE2d 151) (2002) (*Renner* rationale inapposite to jury charge given on excessive force without an accompanying charge on duty to retreat); *Carroll v. State,* 252 Ga. App. 142, 145 (2) (555 SE2d 807) (2001) (rejecting the argument that a jury instruction on conduits and procuring agents "unnecessarily particularized the general charge on parties to a crime and could have been 'interpreted by the jury as an intimation of opinion by the court.' "). But see *Harris v. State*, 273 Ga. 608 (2) (543 SE2d 716) (2001), where, without citing *Renner*, this Court held that it is error to instruct the jury that it may infer intent to kill from the defendant's use of a deadly weapon. We decline the opportunity to expand the holding in *Renner* beyond the issue of flight.

3. Appellant also contends the jury charge on the permissive inference that may be drawn from recent unexplained possession of stolen goods unconstitutionally shifted the burden of proof to the defendant, making the giving of the charge reversible error under

---

[2] The relevant jury instruction states:

If you should find beyond a reasonable doubt that the crime or crimes of robbery or theft by taking, auto, have been committed as charged in this indictment and that certain personal property, the keys of value, as set forth in this indictment was stolen as a result of such crime and if recently thereafter the defendant should be in possession of the stolen property, it would be a circumstance along with all the other evidence from which you may infer guilt as to the charge of robbery or theft by taking, auto, as set forth in the indictment if you see fit to do so, unless there should be from the evidence a reasonable explanation of the possession of such property consistent with a plea of innocence which is a question solely for you, the jury, to decide.

*Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). However, the jury instruction at issue does not constitute an unconstitutional burden shift to the defendant that requires him to provide a reasonable explanation for possession of the keys. The trial court's charge was a permissive instruction that allowed the jury to make the inference as opposed to a mandatory one that required they do so. See *Wallace v. Higgs*, 262 Ga. 437 (421 SE2d 69) (1992). The jury instruction on the recent possession of stolen goods "in no manner absolves the State from its burden of proof." *Thomas v. State*, 274 Ga. 156 (9) (549 SE2d 359) (2001). An instruction of this nature does not have the effect of shifting the burden to the defendant to affirmatively prove his innocence; it merely prohibits the jury from making the inference if the defendant provides a satisfactory explanation. See *Weldon v. Barnes*, 251 Ga. 689 (309 SE2d 137) (1983). Accordingly, the trial court did not err when it gave the jury instruction.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.