A04A0398. KNOLTON v. THE STATE.
A04A0399. HARRIS v. THE STATE.
(601 SE2d 467)

JOHNSON, Presiding Judge.

Jesse Knolton and Dantavious Harris were tried before a jury and convicted of possessing cocaine with intent to distribute and possessing marijuana with intent to distribute. They appeal, claiming that the trial court erroneously denied their motion for a mistrial after the prosecutor, during closing argument, improperly commented on their having exercised their right to remain silent at trial. The claim is without merit.

---

During his closing argument, the prosecutor discussed two law enforcement officers who had crawled through dense brush to get into position to observe Knolton and Harris in possession of drugs. Among other things, the prosecutor stated:

The only thing we have in this case that prevents the Defendants from saying that there was somebody else's cocaine and marijuana is Officer or Deputy Carpenter and Officer Turner's guts in crawling through that field and putting themselves at risk. And that's the only reason in the world these Defendants can't stand up there and say, "This is not mine." Otherwise, that is what you'd be hearing.

Knolton and Harris moved for a mistrial. The trial court did not grant a mistrial, but immediately gave a curative instruction to the jury.

Members of the jury and alternate, [the prosecutor] made some remarks right there before the break we took in which you might draw an inference that there was something required of the Defendants to say something during the trial. I have instructed you previously and I will instruct you now, and I will instruct you again during my charge, that the Defendants are not required to present anything through themselves or others. And you will draw no inference harmful to any of them for their failure to make any comments or to testify in the case. So I want that understood. And I will caution [the prosecutor] not to pursue any such line of argument.

Contrary to the claim of Knolton and Harris, the trial court did not commit reversible error in refusing to grant a mistrial after the prosecutor's improper comment. "[A]n improper comment on the defendant's silence does not necessarily require a reversal. The grant or denial of a mistrial is within the trial court's sound discretion, and we will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial was essential to preserve the right to a fair trial."[1]

In this case, a mistrial was not essential to preserve the right to a fair trial. Immediately after the prosecutor's comment, the trial

---

[1] (Footnotes omitted.) *George v. State*, 263 Ga. App. 541, 543 (1) (588 SE2d 312) (2003).

court gave a thorough curative instruction to the jury and admonished the prosecutor in front of the jury. That remedial instruction was sufficient to prevent the prosecutor's comment from having any prejudicial impact.[2] Under these circumstances, we find that the trial court did not abuse its discretion in denying a mistrial.[3]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 24, 2004.

*Lovick P. Anthony, Jr.*, for appellant.
Jesse F. Knolton, *pro se.*
Dantavious M. Harris, *pro se.*
*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.

[2] *Carr v. State*, 275 Ga. 185, 186 (3) (563 SE2d 850) (2002).
[3] See *Salahuddin v. State*, 241 Ga. App. 168, 171-172 (4) (525 SE2d 422) (1999) (physical precedent only).