## A09A0381. BOIVIN v. THE STATE.
(680 SE2d 415)

PHIPPS, Judge.

Following a jury trial, Michael Boivin was convicted of theft by taking[1] of a 16-foot utility trailer. Boivin admitted at trial to possessing the trailer but asserted that he had purchased it from another person whom he contended law enforcement refused to pursue as a suspect. He contends on appeal: (1) that there was insufficient evidence to support the jury's verdict in light of his explanation for possessing the trailer; (2) that the trial court improperly excluded certain testimony as hearsay; (3) that comments made by the state during his cross-examination violated his Fifth Amendment right to remain silent; and (4) that he received ineffective assistance of counsel. Finding merit in Boivin's claim that the court erroneously excluded evidence, we reverse. Because the evidence was sufficient to support the jury verdict, however, Boivin

---

[1] OCGA § 16-8-2.

412

may be retried.[2]

On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[3] The evidence showed that on November 14, 2006, the trailer's owner reported that the trailer had been stolen from his driveway the night before. The following month, Boivin parked a trailer on property leased by Mark Gibby, and he told Gibby that he had purchased the trailer from someone named "Mike" for $600 or $700. This purchase price raised suspicion in Gibby, who believed the trailer was more valuable, and Gibby asked a friend to check the trailer's vehicle identification number to see whether it had been stolen. The friend contacted law enforcement, which determined that the trailer on Gibby's property was the one stolen in November.

Boivin denied stealing the trailer. He testified that he had "made a deal to purchase this trailer from a gentleman named Michael Haddington." Boivin testified that he took possession of the trailer from Haddington "[a]bout a week before Thanksgiving." Because Haddington had not yet provided Boivin with title documents for the trailer, however, Boivin had not yet paid Haddington for it.

1. Boivin contends that the evidence was insufficient to support his conviction because it was merely "circumstantial evidence . . . confined to [Boivin's] possession of the stolen trailer within a few weeks of the theft."

> Although the evidence of recent, unexplained (or unsatisfactorily explained) possession of stolen goods may be sufficient to give rise to an inference that the defendant committed theft by taking, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable doubt standard applied in *Jackson v. Virginia*.[4] Once it is shown that goods were stolen in a theft by taking, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for theft by taking based upon recent possession of the stolen goods.[5]

Whether a defendant's possession of the stolen goods was recent and

---

[2] *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

[3] *Riggins v. State*, 281 Ga. App. 266, 268 (635 SE2d 867) (2006).

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Gibson v. State*, 243 Ga. App. 610, 611 (2) (a) (533 SE2d 783) (2000) (citation and punctuation omitted); see *Jefferson v. State*, 273 Ga. App. 61, 63 (1) (614 SE2d 182) (2005); *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).

whether his or her explanation of that possession is satisfactory are questions for the jury.[6]

The evidence supported a jury finding that Boivin was in recent possession of stolen goods. The trailer was reported stolen on November 14 and Boivin testified to being in possession of it shortly thereafter. Likewise, the jury was authorized to conclude from the evidence that Boivin provided an unsatisfactory explanation for his recent possession of the stolen trailer. Boivin admitted that he had neither paid for the trailer nor received ownership documents from the third party from whom he claimed to have purchased it.[7] The evidence was sufficient to support the jury's finding of guilt on the theft by taking charge.

2. We agree, however, that the trial court erroneously precluded, on hearsay grounds, state's witness Gibby from giving testimony that potentially would have corroborated Boivin's explanation of his possession of the trailer.

Before calling Gibby as a witness, the state asked the court to prohibit him from testifying about an encounter he had with a person named "Mike." Boivin's counsel made a proffer, based upon statements made by Gibby in an earlier interview with law enforcement, concerning Gibby's anticipated testimony: that after law enforcement returned the trailer to its owner, someone Gibby knew as "Mike" came to Gibby's property looking for the trailer and claiming it was his; that Gibby and Mike argued concerning the whereabouts of the trailer; that Gibby noted Mike's tag number; and that Gibby unsuccessfully attempted to notify law enforcement that Mike had made a claim concerning the trailer. Boivin's counsel argued that this anticipated testimony did not constitute hearsay.

The trial court ruled that the anticipated testimony that a person appeared at Gibby's property looking for the trailer constituted hearsay and that Boivin could not introduce "statements of Mike" into evidence. Boivin's counsel subsequently cross-examined Gibby about his unsuccessful attempts to contact law enforcement with unspecified "new information," but did not elicit from Gibby any testimony about his encounter with Mike.

Boivin contends that the court erred in characterizing Gibby's anticipated testimony as hearsay. He asserts that the anticipated testimony would not have been offered to show that Mike actually owned the trailer, but rather that someone named Mike purported to own the trailer and acted in a manner consistent therewith, causing

---

[6] See *Gibson,* supra; *Hanson,* supra.

[7] See *Gibson,* supra (finding evidence sufficient to sustain theft by taking conviction where evidence conflicted with defendant's explanation of recent possession of stolen car).

414

Gibby to attempt to notify law enforcement about Mike's claims to the trailer. Boivin contends that this anticipated testimony would have corroborated Boivin's explanation for possessing the trailer, that he intended to purchase it from a person named Michael Haddington.

We agree that the court's hearsay ruling was erroneous. OCGA § 24-3-1 (a) defines hearsay evidence as "that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons."

> Testimony is considered hearsay only if the witness is repeating another's statement in order to demonstrate [the statement's] truth. . . . Evidence is hearsay when the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made.[8]

Boivin's proposed use of Gibby's testimony concerning the encounter with Mike would not have asked the jury to assume that Mike was telling the truth about owning the trailer. To the contrary, the jury was not asked to make any finding about the actual ownership of the trailer; it was undisputed that the trailer was owned by the person from whom it was stolen. Rather, Boivin sought to use Gibby's testimony about the encounter to show, in accord with Boivin's explanation for possessing the trailer, that there was a person named Mike claiming to own the trailer and taking actions consistent with his claims. Gibby, who witnessed these claims and actions, was able to testify and be cross-examined about them. Thus, the value of the excluded evidence rested upon the veracity of Gibby, not the veracity of Mike. The evidence was not hearsay and it was error to exclude it.

Moreover, the exclusion of this evidence was not harmless. The unsatisfactoriness of Boivin's explanation for possessing the trailer was central to his conviction,[9] and the excluded evidence potentially corroborated this explanation. Thus, we cannot say that "it is highly probable that the error did not contribute to the judgment,"[10] and we therefore must reverse the conviction.

3. Boivin contends that the court erred in denying his motion for new trial based upon the state's attempt to impeach him during cross-examination by questioning whether, after his arrest, he had

---

[8] *Wilkins v. State*, 261 Ga. App. 856, 859 (4) (583 SE2d 905) (2003) (citations and punctuation omitted).

[9] See Division 1, supra.

[10] *Ragan v. State*, 264 Ga. 190, 192-193 (3) (442 SE2d 750) (1994) (citation and punctuation omitted).

shared certain information concerning his defense with law enforcement officers. The court had sustained Boivin's objection to this line of questioning at trial, but declined to grant Boivin a new trial on this ground, finding that the error was harmless. Although our ruling in Division 2 renders moot the question of whether the court erred in denying a new trial, we nevertheless address the underlying question of the propriety of the state's cross-examination, because that issue is likely to recur on retrial.

A defendant's exercise of the right to remain silent cannot be used as evidence against him.[11] "It is fundamentally unfair and a violation of due process of law . . . to permit cross-examination of a defendant as to post-arrest silence where the defendant has been informed of his rights under *Miranda v. Arizona*,[12] or to permit comment thereon."[13] Accordingly, we agree with the trial court that the state impermissibly inquired into whether Boivin told law enforcement about information relating to his defense after invoking his right to remain silent. Such inquiry should not be made on retrial.

4. In light of our ruling in Division 2, Boivin's remaining claim of error concerning the effectiveness of his trial counsel is moot.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 18, 2009 —
RECONSIDERATION DENIED JUNE 17, 2009 — 

> *H. Maddox Kilgore*, for appellant.
*Garry T. Moss, District Attorney, Lara A. Snow, Sara A. Thompson, Assistant District Attorneys*, for appellee.

---

[11] *Hosch v. State*, 246 Ga. 417, 419 (2) (271 SE2d 817) (1980).
[12] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[13] *Chapman v. State*, 263 Ga. 393 (1) (435 SE2d 202) (1993) (citations omitted).