## A11A0782. WARD v. THE STATE.

(718 SE2d 915)

PHIPPS, Presiding Judge.

Adrian Ward appeals his conviction for theft by taking a motor vehicle,[1] challenging, among other things, the sufficiency of the evidence and the constitutionality of the court's charge to the jury. We find that the jury charge had the effect of shifting the burden of persuasion to Ward, in violation of his rights under the Due Process Clause, and that this error was not harmless. We therefore reverse. Because the evidence was sufficient to support his conviction, however, Ward may be retried.[2]

1. When an appellant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,

---

[1] See OCGA § 16-8-2 (a person commits the offense of theft by taking when, inter alia, he unlawfully takes any property of another with the intention of depriving him of the property).

[2] See *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]

So viewed, the evidence showed that on either March 21, 2008 or the morning of March 22, 2008, a pickup truck was stolen from its owner's residence. The owner initially thought that an acquaintance or relative might have borrowed the truck, and did not immediately report the theft.

The morning of March 22, a police officer stopped Ward for speeding. Ward was driving a pickup truck with a dealer's drive-out tag. He told the officer that his name was "Anthony Ward," that he did not have a driver's license or other identification, and that he did not know his Social Security number. The officer noted the truck's vehicle identification number and issued Ward two traffic citations.

Later that day, the truck's owner reported the theft, and information about the truck was entered into the Georgia Crime Information Center database. The vehicle identification number of the stolen truck matched that of the truck driven by Ward. A warrant was issued for Ward's arrest, and he was apprehended in May 2008. Ward admitted to one of the arresting officers that he had been in the truck on March 22, 2008; he told the officer that he did not steal the truck but that it had been parked at his house by a man who had come to see his mother.

Ward contends that this evidence did not show that he was the person who stole the truck. But evidence of recent unexplained or unsatisfactorily explained possession of stolen property may be sufficient to give rise to an inference that the defendant committed theft by taking, if the jury finds beyond a reasonable doubt that the inferred fact (the accused's commission of the crime) follows from the proved facts (proof of a theft and recent, unexplained possession of stolen goods).[4] The evidence showed that Ward was in possession of a stolen truck the day after its theft. Whether Ward's explanation for his recent possession of the stolen truck was satisfactory was a question for the jury.[5] Viewed most favorably to the prosecution, the evidence was sufficient to authorize Ward's conviction for theft by

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[4] See, e.g., *Boivin v. State*, 298 Ga. App. 411, 412-413 (1) (680 SE2d 415) (2009); *Drake v. State*, 274 Ga. App. 882 (1) (619 SE2d 380) (2005); *Jefferson v. State*, 273 Ga. App. 61, 62-64 (1) (614 SE2d 182) (2005); *Pless v. State*, 247 Ga. App. 786 (1) (545 SE2d 340) (2001); *Bigby v. State*, 184 Ga. App. 94-95 (2) (360 SE2d 751) (1987). See generally *Williamson v. State*, 248 Ga. 47, 48 (1) (a) (281 SE2d 512) (1981) (discussing constitutionality of inference). Cf. *High v. State*, 282 Ga. 244 (1) (647 SE2d 270) (2007) (applying inference in burglary case); *Williams v. State*, 252 Ga. 7, 9 (2) (310 SE2d 528) (1984) (same).

[5] See *Pless*, supra at 786 (1); *Kier v. State*, 247 Ga. App. 431, 433-434 (1) (543 SE2d 801) (2000); *Gibson v. State*, 243 Ga. App. 610, 611 (2) (a) (533 SE2d 783) (2000).

taking.[6]

2. Ward argues that the court's instruction to the jury regarding an inference arising from his recent possession of the stolen truck was unconstitutional.[7] The Due Process Clause of the Fourteenth Amendment "prohibits the [s]tate from using evidentiary presumptions in a jury charge that have the effect of relieving the [s]tate of its burden of persuasion beyond a reasonable doubt of every essential element of a crime."[8] The threshold inquiry is whether the challenged portion of the instruction created a mandatory presumption or a permissive inference.[9] "A mandatory presumption instructs the jury that it must infer the presumed fact if the [s]tate proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the [s]tate proves predicate facts, but does not require the jury to draw that conclusion."[10] A mandatory presumption that shifts the burden of proof to the defendant is impermissible in a criminal case.[11] Likewise, a mandatory rebuttable presumption that shifts the burden of persuasion to the defendant is impermissible.[12]

Significant to the determination of the nature of the presumption or inference in a challenged instruction is "the way in which a rational trier of fact might have perceived the instruction,"[13] which "requires careful attention to the words actually spoken to the jury."[14] In this case, Ward challenges the following instruction, which the court gave after first instructing on the elements of theft by taking:

> The recent unexplained or inadequately explained possession of stolen property by a Defendant creates an inference

---

[6] See *McClain v. State*, 301 Ga. App. 844, 847 (1) (689 SE2d 126) (2010) (although there was no testimony from anyone who saw defendant take stolen items, evidence that he was in possession of or otherwise associated with the stolen items shortly thereafter was sufficient to authorize his conviction for theft by taking; jury was not required to believe defendant's testimony that items were taken by someone else); *Drake*, supra; *Jefferson*, supra at 63-64 (1); *Kier*, supra at 434 (1); *Bigby*, supra.

[7] Ward specifically objected to this instruction before the jury retired to deliberate, in accordance with OCGA § 17-8-58 (a).

[8] *Francis v. Franklin*, 471 U. S. 307, 313 (II) (105 SC 1965, 85 LE2d 344) (1985) (citations omitted).

[9] *Williamson v. State*, 248 Ga. 47, 58 (2) (281 SE2d 512) (1981); see *Francis*, supra at 313-314 (II); *Sandstrom v. Montana*, 442 U. S. 510, 514 (II) (99 SC 2450, 61 LE2d 39) (1979).

[10] *Francis*, supra at 314 (II) (footnotes omitted); see *Isaacs v. State*, 259 Ga. 717, 735 (35) (b) (386 SE2d 316) (1989).

[11] *Mohamed v. State*, 276 Ga. 706, 708 (1) (583 SE2d 9) (2003).

[12] *Francis*, supra at 318 (II) (A); *Williams v. Kemp*, 255 Ga. 380, 388 (338 SE2d 669) (1986).

[13] *Williamson*, supra.

[14] *Francis*, supra at 315 (II) (punctuation omitted); *Sandstrom*, supra.

or presumption of fact sufficient to convict. This is true without direct proof or other circumstantial evidence that the Defendant committed the theft. However, recent possession of stolen goods will not automatically support a conviction of theft; you as jurors honestly seeking the truth still must judge the case on the totality of the circumstances under the reasonable-doubt standard that I have previously charged you. That is, recent possession is to be viewed as probative evidence of the crime and reviewed along with all of the evidence in the case to determine whether the State has proved the Defendant's guilt beyond a reasonable doubt.

The first sentence of this instruction was cast in commanding language. It told the jury that proof of certain facts created an inference or presumption sufficient to convict Ward, not that such proof may be sufficient to give rise to an inference that Ward committed theft by taking.[15] This commanding language was buttressed by the following sentence that the inference or presumption is created without any evidence that Ward committed the theft. As a result, there was a reasonable likelihood that the jury viewed the first two sentences of the instruction as setting forth a mandatory presumption.[16] The first sentence's instruction that the presumption was created if the recent possession of stolen property was "unexplained or inadequately explained" provided a means for rebutting the presumption (evidence of an adequate explanation for the recent possession). Nevertheless, a mandatory rebuttable presumption improperly "relieves the [s]tate of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding."[17] The first sentence of the instruction, which was reinforced by the second sentence, created an unconstitutional burden-shifting presumption.[18]

Moreover, the jury charge taken as a whole failed to "explain[ ] the proper allocation of burdens with sufficient clarity that any ambiguity in the particular language challenged could not have been

---

[15] See generally *Francis*, supra at 316 (II) (A).

[16] Id.; *Sandstrom*, supra at 515 (II); *Isaacs*, supra; see *Stepic v. State*, 226 Ga. App. 734, 735 (1) (487 SE2d 643) (1997) (instruction that element of crime "shall be inferred" from proof of certain facts created an improper mandatory presumption).

[17] *Francis*, supra at 317 (II) (A).

[18] Id. at 318 (II) (A); see *Wilson v. State*, 276 Ga. 149, 150 (2) (576 SE2d 852) (2003) (instruction that proof of certain facts "will raise a presumption" of an element of the crime was unconstitutionally defective).

understood by a reasonable juror as shifting the burden of persuasion."[19] General instructions as to the prosecution's burden and the defendant's presumption of innocence did not dissipate the error in the first sentence of the challenged instruction.[20] Later sentences in the challenged instruction, which stated that recent possession of stolen goods would not automatically support a conviction of theft and that the jurors were required to apply the reasonable doubt standard to the totality of circumstances, arguably conflicted with the instruction on the presumption in the first sentence.

Contrary to the position taken by the dissent, the later sentences did not dissipate the error in the first sentence of the instruction,[21] nor did they make clear that it was within the jury's discretion whether to draw an inference from proof of recent possession of stolen property.[22] The jury was initially instructed that the recent unexplained or inadequately explained possession of stolen property automatically creates an inference or presumption of fact sufficient to convict; the jury was next instructed that recent possession of stolen goods will not automatically support a conviction. Yet the final charge did not, even when viewed as a whole, reconcile this obvious conflict. Consequently, nothing in the charge served to "make[ ] clear" that the inference or presumption is permissive and not mandatory, as is argued by the dissent. "Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity."[23] Thus, a "reasonable juror could easily have resolved the contradiction in the instruction by choosing to abide by the mandatory presumption" in the first sentence.[24]

In contrast, the applicable Suggested Pattern Jury Instruction provides:

> If you should find beyond a reasonable doubt that the crime[ ] of [theft by taking] has . . . been committed as charged in this indictment and that certain personal property (as set forth in this indictment) was stolen as a result of such crime, and if recently thereafter, the defendant should be found in possession of (any of) the stolen property,

---

[19] *Francis*, supra at 318-319 (II) (B) (citation omitted).

[20] Id. at 320 (II) (B); *Johnson v. State*, 249 Ga. 621, 623 (1), n. 2 (292 SE2d 696) (1982); *Stepic*, supra at 736 (1).

[21] See *Johnson*, supra at 623 (1).

[22] Cf. *Wood v. State*, 258 Ga. 598, 599 (2) (373 SE2d 183) (1988) (instruction that jury may infer an element of the offense from proof of certain facts, but that whether it drew such inference was solely within the jury's discretion, was not impermissibly burden-shifting).

[23] *Francis*, supra at 322 (II) (B); *Williams v. Kemp*, 255 Ga. at 386.

[24] *Francis*, supra.

that would be a circumstance, along with all of the other evidence, from which you may infer guilt as to the charge of [theft by taking] as set forth in this indictment. If you find the evidence merits such an inference, you may not draw an inference of guilt if, from the evidence, there is a reasonable explanation of the possession of such property consistent with a plea of innocence, which is a question solely for you, the jury, to determine.[25]

This language constitutes a permissive instruction that allows the jury to make the inference as opposed to a mandatory instruction that requires the jury to do so.[26] The trial court in this case, however, strayed from the pattern instruction by using language that improperly gave rise to a mandatory presumption.

Because a reasonable juror could have understood the challenged portion of the jury instruction as creating a mandatory presumption that shifted to Ward the burden of persuasion on whether he stole the truck which was found in his possession shortly after its theft, and because the charge read as a whole does not explain or cure the error, the jury charge does not comport with the requirements of the Due Process Clause.[27] Moreover, this error was not harmless, as it applied to an element of the crime that was at issue in the trial — whether Ward was the person who stole the truck.[28] Consequently, this error requires that the judgment of conviction be reversed.

3. In light of our reversal of the judgment of conviction, we need not address Ward's argument that the prosecutor improperly commented during closing argument on his failure to testify at trial.

*Judgment reversed. Mikell, C. J., Smith, P. J., Barnes, P. J., and McFadden, J., concur. Andrews and Dillard, JJ., dissent.*

ANDREWS, Judge, dissenting.

1. The jury instruction given by the trial court on the inference arising from Wards's recent possession of the stolen truck was

---

[25] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 2.62.30 (2007).

[26] See *Johnson v. State*, 277 Ga. 82, 85 (3) (586 SE2d 306) (2003); see also *Wallace v. Higgs*, 262 Ga. 437, 438 (421 SE2d 69) (1992) (instruction that jury "may infer" element of crime from proof of other facts was permissive and not unconstitutionally burden-shifting); *Weldon v. Barnes*, 251 Ga. 689, 690 (2) (309 SE2d 137) (1983) (instruction that included language that evidence of defendant's recent possession of stolen goods "would permit you to infer the guilt of such defendant" for burglary was constitutional); *Williamson*, supra at 59 (2).

[27] *Francis*, supra at 325 (II) (B); see *Sandstrom*, supra at 524 (III).

[28] See *Mohamed*, supra at 708-709 (1) (an instruction on a mandatory presumption was harmless so long as the instruction was applied to an element of the crime that was not at issue in the trial, and if the evidence of guilt was overwhelming).

consistent with Georgia law and did not create a mandatory presumption or shift the burden of persuasion to Ward in violation of the due process clause of the Fourteenth Amendment.

The trial court instructed the jury that, in order to prove the charged crime of theft by taking, the State was required to prove beyond a reasonable doubt that the defendant took the property of another with the intention of depriving the rightful owner of the property, and then added the instruction:

> The recent unexplained or inadequately explained possession of stolen property by a Defendant creates an inference or presumption of fact sufficient to convict. This is true without direct proof or other circumstantial evidence that the Defendant committed the theft. However, recent possession of stolen goods will not automatically support a conviction of theft; you as jurors honestly seeking the truth still must judge the case on the totality of the circumstances under the reasonable doubt standard that I have previously charged you. That is, recent possession is to be viewed as probative evidence of the crime and reviewed along with all of the evidence in the case to determine whether the State has proved the Defendant's guilt beyond a reasonable doubt.

Taken as a whole, the court's instruction was consistent with the Georgia rule that recent unexplained possession of stolen property permits the jury to infer that the defendant committed the charged theft. The rule is that

> proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the [theft] of the goods . . . [but] proof of recent, unexplained possession is not automatically sufficient to support a conviction for [theft]. . . . [I]t is rational to allow the factfinder to infer that the defendant is guilty of [theft] based on proof of his recent, unexplained possession of stolen goods; however, if the only evidence supporting the conviction is the evidence giving rise to the inference or presumption, then under *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)] such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction.

*Bankston v. State*, 251 Ga. 730-731 (309 SE2d 369) (1983).

To convict an accused under this rule, the State must prove

that (1) the goods in the accused's possession were recently stolen and (2) someone committed the crime. If there is no satisfactory explanation of the defendant's possession, then the proof of these facts beyond a reasonable doubt creates a presumption or permissible inference of defendant's guilt.

(Citations and punctuation omitted.) *Williamson v. State*, 248 Ga. 47, 49 (281 SE2d 512) (1981).

The trial court's instruction was consistent with the above rule as explained in *Bankston* and *Williamson*. Taken as a whole, the court's instruction informed the jury that, even without other evidence that the defendant committed the theft, evidence of the defendant's recent unexplained possession of the stolen property was sufficient to allow the jury to infer that the defendant committed the theft, but only if the jury found from a consideration of all the evidence that the defendant was guilty beyond a reasonable doubt. Even if the first sentence of the instruction could be read in isolation as setting forth a constitutionally infirm mandatory presumption, the last two sentences immediately qualified the first sentence and clearly explained to the jury that this was a permissive presumption or inference which allowed but did not require the jury to infer the defendant's guilt from recent unexplained possession of the stolen property. "Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity." *Francis v. Franklin*, 471 U. S. 307, 322 (105 SC 1965, 85 LE2d 344) (1985). There was no mandatory presumption in violation of due process requirements because, as the instruction as a whole makes clear, the jury was permitted to reject the inference based on its independent evaluation of whether the evidence proved the defendant's guilt beyond a reasonable doubt. *Williamson*, 248 Ga. at 53-58; *County Court &c. v. Allen*, 442 U. S. 140, 156 (99 SC 2213, 60 LE2d 777) (1979) (ultimate test of a presumption's constitutional validity is that it must not undermine the jury's responsibility to find the essential elements of the charged crime beyond a reasonable doubt).

Because the instruction as a whole makes clear that the presumption was permissive and not mandatory, "a rational trier of fact would have understood that he had a choice in deciding whether to draw the inference and would not have interpreted the court's charge as an irrebuttable direction to find that the defendant had committed the crime." (Punctuation omitted.) *Williamson*, 248 Ga. at 59. Moreover,

the challenged language does not require the defendant to prove the contrary by some quantum of proof, but, rather,

indicates to the jury that if a satisfactory explanation of the defendant's possession is made, they are not permitted to draw the presumption. Thus the language does not have the effect of shifting the burden of persuasion to the defendant but simply advises the jury that, under certain circumstances, they are not entitled to draw the presumption.

(Punctuation omitted.) Id. at 59-60.[29]

2. There is also no basis for reversal on the enumeration of error not reached by the majority opinion — Ward's claim that, during the State's closing argument, the prosecutor improperly commented on his failure to testify at the trial, and that the trial court erred by denying his motion for a mistrial on this basis.

The record does not contain a transcript of the State's closing argument, but only a brief excerpt immediately preceding Ward's objection. In this excerpt, the prosecutor stated:

[Y]our verdict will speak the truth. In this case, with the facts that you heard from the witness stand, the truth is the Defendant is guilty of theft by taking [the] motor vehicle. The Defendant himself is not man enough to tell you the truth. He told the officer . . .

At this point, the record shows that Ward cut in with an objection that the prosecutor had improperly commented on his failure to testify, and moved for a mistrial. The trial court denied the motion and instructed the jury that Ward had no burden to produce evidence and that they could draw no inference harmful to Ward's defense from his decision not to testify.

"As a rule of constitutional and Georgia statutory law, a prosecutor may not comment upon a defendant's failure to testify at trial." *Lacey v. State*, 288 Ga. 341, 344 (703 SE2d 617) (2010). To reverse a conviction for violation of this rule, one of the following two factors must be found: (1) that the prosecutor's manifest intention was to comment upon the defendant's failure to testify, or (2) that the prosecutor's remark was of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982). "We must look at the context in which the prosecutor's statement was made in order to determine if either of these two

---

[29] The fact that the court's instruction did not violate due process requirements is not an endorsement of the language used; rather, the better practice is to use the instruction on recent possession of stolen property set forth in the Suggested Pattern Jury Instructions published by the Council of Superior Court Judges of Georgia.

factors exist." *Lassiter v. State*, 237 Ga. App. 495, 498 (515 SE2d 636) (1999). The State argues that the prosecutor did not intend to comment on Ward's failure to testify at trial, but on untruthful statements Ward made to police prior to trial. The prosecutor's abbreviated comment (interrupted by Ward's objection) that, "He told the officer . . ." would seem to support this contention. Nevertheless, we are unable to examine the context in which the alleged improper statement was made because there is no transcript of the State's closing argument in the record.

> Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court. . . . When this is not done, there is nothing for the appellate court to review. Therefore, due to the omission of closing arguments from the transcript, we cannot review this enumeration of error.

(Punctuation omitted.) *Carswell v. State*, 251 Ga. App. 733, 736 (555 SE2d 124) (2001) (unable to review claim that the prosecutor commented on the defendant's failure to testify because only the objection but not the closing argument was included in the record).

Moreover, the record shows that, in response to Ward's motion for a mistrial, the trial court gave a prompt curative instruction that informed the jury that Ward had no burden to produce evidence and that they could draw no harmful inference from his failure to testify.

> An improper comment on the defendant's silence does not necessarily require a reversal. The grant or denial of a mistrial is within the trial court's sound discretion, and we will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial was essential to preserve the right to a fair trial.

*Knolton v. State*, 268 Ga. App. 78, 79 (601 SE2d 467) (2004); *Cockrell v. State*, 281 Ga. 536, 541 (640 SE2d 262) (2007). In light of the curative instruction, and in the absence of any transcript of closing argument, there is no basis on this record to conclude that a mistrial was essential to preserve Ward's right to a fair trial, or that the trial court abused its discretion in denying a mistrial.

3. Because I agree with the majority opinion that the evidence was sufficient to support the jury verdict finding Ward guilty of theft by taking, the judgment of conviction should be affirmed. I respectfully dissent.

I am authorized to state that Judge Dillard joins in this dissent.

DECIDED NOVEMBER 16, 2011.

*Kevin Kwashnak*, for appellant.

*Plez H. Hardin, District Attorney, Lewis R. Lamb, Assistant District Attorney*, for appellee.