## A05A0999. JEFFERSON v. THE STATE.
(614 SE2d 182)

BLACKBURN, Presiding Judge.

Following a jury trial that resulted in his conviction for theft by taking, Michael Lee Jefferson appeals, challenging the sufficiency of the evidence and arguing that the court erred in overruling his objection to a statement made during the State's closing argument. We hold that the evidence sufficed to sustain the conviction and that the State's argument that no evidence explained Jefferson's possession of recently stolen goods was permissible. Accordingly, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So viewed, the evidence shows that, while the victim was absent from his home during the day, someone kicked in his door and stole various valuable items from the master bedroom drawers as well as numerous electronic items, including a TV and two VCRs. When the victim returned home, he reported the burglary and informed police of the serial numbers for the VCRs and TV. About a year later, police discovered the TV and VCRs at a pawn shop, where Jefferson had pawned them within hours of the burglary. The pawn ticket reflected Jefferson's name and fingerprint. He offered no explanation for his possession of the goods. Jefferson was indicted for burglary and theft by taking.

At trial, the State introduced similar transaction evidence to show identity. Eight months after the theft at issue, Jefferson had kicked in the door of a house (while its owner was absent during the day) and stolen various items, including a drawer from the master bedroom containing valuable items. Police found Jefferson in the vicinity with the stolen goods, resulting in his pleading guilty to a charge of burglary.

Based on the above evidence, the jury acquitted Jefferson of burglary but found him guilty of theft by taking. He appeals.

1. Jefferson first claims that the only evidence connecting him to the crime of theft by taking was his unexplained possession of the

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

recently stolen goods. See *Bankston v. State*[3] ("proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the [theft] of the goods"). He argues that under *Higginbotham v. State*,[4] unexplained possession of recently stolen goods will not *standing alone* support an inference of guilt or authorize a theft conviction. This argument fails.

*Higginbotham* simply held that possession of recently stolen goods could not alone sustain a theft *by receiving* conviction; *Higginbotham* did not address whether possession of recently stolen goods could alone sustain a theft *by taking* conviction. Since, unlike theft by taking, the entire premise of the crime of theft by receiving is that the defendant did not steal the goods but rather received them from someone else, an essential element of this crime is that the defendant knew or should have known that the property was stolen.[5] Holding simply that this knowledge element could not be inferred from the defendant's possession of the stolen goods alone, *Higginbotham*, as stated in *Leachman v. State*,[6] does not apply to theft by taking convictions. Indeed, *Weldon v. Barnes*[7] explained that the rule in *Higginbotham* merely "hold[s] that evidence of unexplained possession of recently-stolen goods, standing alone, will not support a conviction for theft by receiving stolen goods, in that it is insufficient in itself to infer guilty knowledge; *however, it is sufficient to support an inference of guilt as to the principal thief.*" (Emphasis supplied.)

Thus, following *Higginbotham* we have repeatedly held that "[e]vidence of recent, unexplained possession of stolen goods is sufficient to support a conviction for theft by taking." *Robinson v. State.*[8] See, e.g., *Pless v. State*[9] ("absence of . . . explanation of the possession of the (stolen) goods will support a conviction for theft by taking based upon recent possession of the stolen goods"); *Buchannon v. State*[10] ("[a] defendant may be convicted for theft with neither direct proof nor circumstantial evidence, *aside from this inference*, that he committed the theft") (emphasis supplied); *Callahan v. State*[11] ("[t]he evidence of recent unexplained possession of the stolen vehicle was sufficient in itself to support a conviction for theft by taking").

---

[3] *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983).

[4] *Higginbotham v. State*, 124 Ga. App. 489, 490 (3) (184 SE2d 231) (1971).

[5] OCGA § 16-8-7 (a).

[6] *Leachman v. State*, 132 Ga. App. 423, 425 (2) (208 SE2d 196) (1974).

[7] *Weldon v. Barnes*, 251 Ga. 689, 691 (3) (309 SE2d 137) (1983).

[8] *Robinson v. State*, 150 Ga. App. 261, 262 (257 SE2d 352) (1979).

[9] *Pless v. State*, 247 Ga. App. 786 (1) (545 SE2d 340) (2001).

[10] *Buchannon v. State*, 199 Ga. App. 609, 610 (405 SE2d 583) (1991).

[11] *Callahan v. State*, 148 Ga. App. 555, 556 (4) (251 SE2d 790) (1978).

Citing a principle that originated in *Bankston*, supra at 730, Jefferson points out that proof of recent, unexplained possession is not *automatically* sufficient to support a conviction for burglary or theft by taking. *Bankston*, however, went on to say that such evidence — although not automatically sufficient — *could be* sufficient to sustain the conviction: "if the only evidence supporting the conviction is the evidence giving rise to the inference or presumption, then under *Jackson v. Virginia*, such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction." *Bankston*, supra at 731. Interpreting *Bankston*, we have explained:

> Evidence of recent unexplained possession of stolen property will authorize but not require the trior of fact to infer guilt and an appellate court *may* find it sufficient in itself to support a conviction for the crime of theft by taking. Such evidence *is* sufficient in itself to support a conviction only if the jury has found that the presumed fact (the defendant committed the crime) follows from the proved facts (proof of a burglary or a theft and recent, unexplained possession of stolen goods by the defendant) *beyond a reasonable doubt.*

(Punctuation omitted.) *Martin v. State.*[12] See *Bigby v. State*[13] ("[t]he proof of these facts beyond a reasonable doubt creates a . . . permissible inference of the defendant's guilt") (punctuation omitted).

Thus, we have approved a detailed jury instruction permitting juries to convict where the sole evidence that the defendant committed the theft was the defendant's unexplained possession of the recently stolen goods. *Chaney v. State.*[14] See *Williamson v. State*[15] (approving charge in burglary cases where inference is sole evidence that defendant perpetrated the crime). The jury is to look at the totality of the evidence under the reasonable doubt standard. *Williams v. State.*[16]

Here, Jefferson possessed some of the stolen items within hours of the theft. Even if this alone were not enough, the strong inference of guilt arising from possession within hours of the theft (" '[t]he nearer the possession to the time of the (theft), the stronger will be the inference of guilt' " *Williamson*, supra at 48 (1) (a)) was compounded by the manner in which Jefferson disposed of the goods, namely

---

[12] *Martin v. State*, 179 Ga. App. 551, 554-555 (7) (347 SE2d 247) (1986).
[13] *Bigby v. State*, 184 Ga. App. 94-95 (2) (360 SE2d 751) (1987).
[14] *Chaney v. State*, 169 Ga. App. 616, 617 (1), n. 1 (314 SE2d 457) (1984).
[15] *Williamson v. State*, 248 Ga. 47, 57-58 (1) (c), n. 9 (281 SE2d 512) (1981).
[16] *Williams v. State*, 252 Ga. 7, 9 (2) (310 SE2d 528) (1984).

pawning them within hours of the theft. See *Henderson v. State*[17] (evidence of possessing and then pawning goods within hours of burglary sufficient to sustain burglary conviction); see generally *Callahan*, supra at 557 (4) ("[t]he additional evidence showing the manner in which the defendant disposed of the [goods] was sufficient to establish the guilty knowledge"). Similar transaction evidence also showed Jefferson's mode of operation of kicking in doors in the middle of the day while the homeowner was absent and of stealing valuable items from the master bedroom. See *Gray v. State*[18] (similar transaction evidence may help to sustain theft by taking conviction); see also *Slater v. State*[19] (similar transaction evidence helped sustained burglary conviction). Based on the totality of the evidence, a rational trier of fact had ample grounds to find Jefferson guilty of theft by taking beyond a reasonable doubt.

2. Jefferson contends that the court erred in overruling his objection to the State's closing argument. Specifically, Jefferson complains that the State argued that he failed to provide an explanation for his possession of the stolen goods, which constituted a comment on his right not to testify. However, as found by the trial court, all the prosecutor said in his unrecorded argument was that there was no evidence of a reasonable explanation. Such an argument was clearly permissible and did not infringe Jefferson's constitutional rights. *Williams v. State.*[20]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED APRIL 20, 2005.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.

[17] *Henderson v. State*, 170 Ga. App. 170 (316 SE2d 814) (1984).
[18] *Gray v. State*, 260 Ga. App. 197, 198 (1) (581 SE2d 279) (2003).
[19] *Slater v. State*, 209 Ga. App. 723, 724 (1) (434 SE2d 547) (1993).
[20] *Williams v. State*, 245 Ga. App. 259, 263-264 (3) (537 SE2d 125) (2000).