### A09A2310. McCLAIN v. THE STATE.
(689 SE2d 126)

PHIPPS, Judge.

A jury found William L. McClain guilty of: (i) theft by taking a motorcycle; (ii) theft by taking a helmet and leather jacket; (iii) theft by taking a truck; and (iv) giving false identification to a law enforcement officer. He appeals his theft convictions on general grounds and maintains that his trial counsel rendered ineffective assistance. We affirm.

The state's evidence showed that, on the morning of August 17, 2007, it was discovered that a motorcycle, helmet, and leather jacket had been stolen from a residential garage during the preceding night. The house was located in LaGrange; the garage was "half closed"; and the key was in the motorcycle's ignition.

Within about a week, the Troup County Sheriff's Office discovered the motorcycle parked in woods behind a motel located in

---

LaGrange, the Stay Lodge Inn. The helmet was on the ground beside the motorcycle, but neither the key nor the leather jacket was in the vicinity. The jacket turned up several days later, however. A man known in the area as "Shorty" had offered it for sale for $20 at a local tire shop, located a few miles from where the motorcycle and helmet were retrieved.

Meanwhile, and seemingly unrelated at the time, the Troup County Sheriff's Office received a tip on August 22, 2007 about a suspected stolen vehicle. The tipster described it as a blue Dodge Ram 1500 truck, provided the vehicle's tag number, and reported that the truck was parked at the Stay Lodge Inn in LaGrange. The tipster further provided the motel room number of the man he had seen driving and parking the truck there. A sheriff's office deputy went to the motel and ascertained that a blue Dodge Ram truck in the parking lot was one that had been reported stolen. About two weeks earlier, the truck had been taken from a truck stop in Tallapoosa, Haralson County. As with the circumstances underlying the motorcycle theft, the truck had been parked, then left unattended with the key in its ignition.

A sheriff's office deputy knocked on the door of the specified motel room. McClain, and the woman with whom he was staying, were inside. When asked what he knew about the truck in question, then parked about 25 meters away, and further asked to identify himself, McClain stated that he had no knowledge of the truck, and he gave the officer a false name. During the course of the investigation at the motel, McClain was arrested.

The motel room was searched for the key to the truck's ignition, but it was not found. The truck was also searched, and a key was found stashed in a man's boot located in the truck. The key did not operate the truck's ignition, but it was discovered later that the key operated the ignition of the stolen motorcycle.

The state presented several witnesses who tied McClain to the truck and to the motorcycle. The woman who had been with McClain in the motel room testified that, during at least the week before McClain's arrest, she had seen him every day. She testified that McClain had been the only person she had seen driving the truck, that she had seen him driving the truck "a couple of times a day," and that she had seen him drive the motorcycle "maybe twice." The woman did not know of any job McClain had at the time, but recalled that McClain had told her that his father was purchasing the truck for him.

The motel's maintenance man identified McClain as the only person he had seen driving the truck. He testified that McClain had driven the truck more than a dozen times and as recently as the day before McClain's arrest.

Another individual who had been residing at the Stay Lodge Inn during that time also identified McClain as the driver of the truck. He recalled seeing McClain driving the truck on many occasions. He testified that he had never seen anyone else driving it. He further recalled McClain driving a motorcycle that was sometimes parked at the motel.

In addition, the state called as a witness a neighbor of the motorcycle owner. He testified that, at about 10:00 on the night the motorcycle was stolen, he arrived home and noted as suspicious a blue Dodge truck parked alongside their residential street. When he drove into his own driveway, the truck's headlights illuminated, and the truck slowly drove away.

McClain was the sole defense witness. Contrary to his earlier denial to a law enforcement officer, he admitted at trial that he had been driving the truck. He also admitted that he had been driving the motorcycle and wearing the helmet. He denied knowing, however, that these items were stolen property; and he claimed that he had never seen the leather jacket.

McClain testified that, around the time in question, he had recently been released from prison and was on parole for theft, had been fired from two jobs, and thus had relocated from Marietta to LaGrange because he had heard that there were jobs available there. The day after he arrived, the truck at issue stopped at the Stay Lodge Inn where he was then living. Its driver, a man named "Shorty," offered to sell McClain a TV and other electronic items. McClain declined. Although he had never met Shorty before then, McClain drove with him that same day to wash the truck. Thereafter, he saw Shorty every day; and on numerous occasions, Shorty gave McClain the truck key and allowed him to drive the truck to various places. McClain testified that Shorty also came to the motel with the motorcycle at issue; McClain admitted driving it to the carwash and claimed that Shorty had supplied him also with the stolen helmet.

McClain denied telling the woman in the motel room that the truck was his and that his father was making payments on it. He testified that he never had exclusive control over the stolen vehicles; that Shorty kept the keys to both the truck and the motorcycle; and that the sheriff's office deputies had not found the key to the truck's ignition during the search of the motel room because Shorty had it.

1. McClain challenges the evidence pertaining to his three theft convictions. When an appellant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt."[1]

McClain points out that there was no testimony from anyone who had seen him take the truck, motorcycle, helmet, or the leather jacket. He asserts that the state's evidence did not place him in Haralson County, where the truck was stolen. He cites evidence, including his own testimony, that he claims showed that those items had been taken by Shorty and that he had not known that those items were stolen. According to McClain, the state's case failed to exclude explanations other than his guilt.

A jury is not required to believe a defendant's testimony, nor to disbelieve the state's witnesses.[2] Even where the case is based upon circumstantial evidence, "it is not necessary that the circumstantial evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses."[3]

> Furthermore, where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court.[4]

The evidence, viewed in the light most favorable to the prosecution, authorized the jury to find that the state had proved beyond a reasonable doubt that McClain was guilty of the three counts of theft by taking.[5]

2. McClain contends that the trial court erred by rejecting his

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (emphasis omitted).

[2] See *Boyd v. State*, 291 Ga. App. 528, 530 (662 SE2d 295) (2008).

[3] *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001) (citation and punctuation omitted).

[4] *Boyd*, supra (footnote omitted).

[5] See OCGA § 16-8-2 (a person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated); *Pecina*, supra; *Bankston v. State*, 251 Ga. 730-731 (309 SE2d 369) (1983) (while proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the burglary of the goods, proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary); *Drake v. State*, 274 Ga. App. 882 (1) (619 SE2d 380) (2005) (where tools were stolen from trucks of three separate victims while trucks were parked at adjacent home improvement stores and where the defendant soon pawned some of the stolen items from each theft at local pawn shops, evidence supported the defendant's conviction on three counts of theft by taking, notwithstanding the defendant's claim that the pawned items all belonged to him and had not been stolen); see also *Barrett v. State*, 166 Ga. App. 722-723 (305 SE2d 450) (1983) (evidence was sufficient to support conviction for burglary during which numerous

claim of ineffective assistance of counsel.

To prevail on an ineffectiveness claim, a defendant must establish, pursuant to *Strickland v. Washington*,[6] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[7] Both the performance and prejudice prongs of the ineffectiveness inquiry are mixed questions of law and fact.[8] In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review the trial court's legal conclusions de novo.[9]

McClain asserts that his trial lawyer performed deficiently by failing to impeach the woman who was with him in the motel room. He points out that she was the only witness who testified that he actually had claimed the truck as his own.

At the hearing on McClain's motion for new trial, McClain introduced in evidence a copy of the woman's February 2008 misdemeanor conviction pursuant to an *Alford* plea in connection with a charge of theft of lost or mislaid property (a wallet containing cash) that occurred in September 2006. McClain's trial lawyer was the only witness at the hearing. He testified that he had not believed that the misdemeanor conviction would have swayed the jury that the woman was not telling the truth, given the testimony of other state's witnesses.

Regarding attacking the credibility of a witness, OCGA § 24-9-84.1 (a) (3) provides: "Evidence that any witness or the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense." However, "a prior conviction for misdemeanor theft is not a crime involving dishonesty within the meaning of OCGA § 24-9-84.1 (a) (3), where the party seeking to use a theft conviction has not shown that the conviction involved fraud or deceit."[10]

Although McClain introduced in evidence at the new trial hearing certified copies of the conviction showing that the property

---

items were taken, where some of the items stolen during the recent burglary were found lying on floorboard of car in which defendant was sitting and other items stolen in same burglary were found outside the car where the co-defendant was standing, and where jury was authorized to reject defendant's explanations concerning the stolen items).

[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[8] *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

[9] Id. at 88.

[10] *Clements v. State*, 299 Ga. App. 561, 563 (1) (683 SE2d 127) (2009); see *Jacobs v. State*, 299 Ga. App. 368, 375 (2) (e) (683 SE2d 64) (2009) (theft by taking is not a crime which necessarily involves dishonesty or making a false statement).

taken was a wallet with cash, he made no effort to show that the misdemeanor theft involved fraud or deceit. Consequently, McClain did not show that the conviction would have been admitted for impeachment purposes.[11] Because he has thus failed to show that his trial counsel performed deficiently by not offering it as impeachment evidence at trial,[12] McClain has not shown error in the trial court's rejection of his claim of ineffective assistance of counsel.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JANUARY 5, 2010 — 

*James D. Lamb*, for appellant.
*Peter J. Skandalakis*, District Attorney, *Monique L. Fouque, John B. Cunningham*, Assistant District Attorneys, for appellee.

[11] *Clements*, supra (where appellant made no effort to show that the misdemeanor theft conviction, which she intended to use to impeach the accomplice who testified, involved fraud or deceit, the trial court did not err in excluding this conviction for use for impeachment purposes); *Jacobs*, supra at 375-376 (absent evidence demonstrating that theft conviction at issue was a felony or a misdemeanor that involved fraud or deceit, which the state failed to produce, the conviction was inadmissible for impeachment purposes under OCGA § 24-9-84.1 (a)).

[12] See generally *Patterson v. State*, 272 Ga. App. 675, 679 (5) (b) (613 SE2d 200) (2005).