A09A2096. McCORD v. THE STATE.
(690 SE2d 923)

BARNES, Judge.

Following the denial of his motion for new trial, Bobby Earl McCord appeals his convictions for burglary, criminal trespass and battery. McCord contends that the evidence was insufficient to sustain his convictions. Upon our review, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in that light, the evidence shows that on the afternoon of May 10, 2006, the victim left work early and went home. While he was in an upstairs bathroom, he heard the front door slam and what sounded like "pieces of [the door] coming apart." The victim initially thought that his two English Bulldogs that were locked in the downstairs bathroom had gotten out because he "heard them running around." When he stepped down the stairs, he saw that the front door had been kicked in. The victim stepped out of the house and saw a man, later identified as McCord, dragging one of his bulldogs across the yard by the collar toward a truck that was backed up to the locked gate in front of his property. He noticed a second

man "messing around in [his] boat" who appeared to throw something in the nearby truck.

The victim confronted McCord, and the men began fighting until McCord escaped and jumped across the fence and drove away in the truck parked there. The victim testified that McCord said "Uncle Terry said you get what you deserve" as he was jumping back across the fence. He further testified that he and an uncle, Terry Davis, had been involved in a family dispute for several years and that he recognized the truck as one that his uncle had previously driven. When the police responded to the incident, the victim provided descriptions of McCord and the other man, and despite issuing a BOLO, police were not successful in catching the men. The following week, the victim saw McCord and the other man drive past him. After watching the men park in a parking lot, he called police, and waited nearby for police to respond. He identified McCord and his co-defendant as the men who broke into his house and attempted to steal his dog, and McCord as the man he fought with.

McCord argues that the evidence was circumstantial at best and insufficient to sustain his conviction because it did not exclude every reasonable hypothesis except his guilt. He testified at trial that he went to the victim's house to inquire about purchasing an English Bulldog for his fianceé and was advised by two men to climb over the fence and knock on the door. He further testified that it was a common practice in Sand Mountain to climb over your neighbor's fence to knock on the door. He testified that he knocked, but no one answered and as he was leaving the victim approached him, accused him of trespassing and hit him.

> A jury is not required to believe a defendant's testimony, nor to disbelieve the state's witnesses. Even where the case is based upon circumstantial evidence, it is not necessary that the circumstantial evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses. Furthermore, where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court.

*McClain v. State*, 301 Ga. App. 844 (689 SE2d 126) (2010). Here we find that the direct and circumstantial evidence was sufficient for the jury to find McCord guilty of the crimes charged beyond a reasonable

doubt. See *Jackson v. Virginia*, supra, 443 U. S. at 319.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 11, 2010.

*Sean J. Lowe*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.