**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 16, 2012**

# In the Court of Appeals of Georgia

A12A0918. BUSH v. THE STATE.                          BO-034C

BOGGS, Judge.

Antione Lamar Bush was indicted for armed robbery, two counts of false imprisonment, four counts of aggravated assault, and possession of a firearm during the commission of a felony. One count of false imprisonment was dismissed by the State, and a jury acquitted Bush on two counts of aggravated assault but found him guilty on all remaining charges. His amended motion for new trial was denied, and he appeals, alleging insufficiency of evidence and improper remarks by the court. Finding no error, we affirm.

1. Bush asserts the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. We disagree. First, we note that once a defendant has been convicted, the evidence is construed to support the jury's verdict, and "the

defendant no longer enjoys the presumption of innocence." *Powell v. State*, 310 Ga. App. 144 (712 SE2d 139) (2011). Furthermore, we do not weigh the evidence or determine witness credibility but only resolve whether "the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." Id. As long as there is some competent evidence to support the essential elements of the State's case, we must uphold the jury's verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that Bush and his accomplice, Walter Sapp, entered a diner armed with guns, made a male victim open the cash register, forcefully moved a female victim to the back of the diner and threatened to shoot her, fled the scene in an attempt to elude law enforcement, attempted to enter a getaway vehicle driven by Shanteria Jackson, and were caught by police officers and sheriff's deputies in a wooded area near the diner. In the same wooded area and on Sapp's person, officers found the cash stolen from the diner's register, clothing similar to that worn during the robbery, and two handguns which were identified as those used during the crime.[1]

---

[1]Jackson pleaded guilty to robbery in the same incident prior to Bush's trial.

OCGA § 16-2-21 provides: "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto." While Bush argues that at no time during the robbery did he "take any money or other items from [the male victim] and did not point a weapon at [him]," here, it is undisputed the crimes of armed robbery, false imprisonment, aggravated assault, and possession of a firearm during the commission of a felony occurred. Whether it was Bush or his accomplice that pointed the gun at the victim and took the property of the diner, Bush could still be found guilty of the crimes charged and rightfully convicted of those crimes through his role as a party to the crime. Viewing the entirety of the evidence in the light most favorable to the jury, a trier of fact could find Bush guilty beyond a reasonable doubt. See OCGA §§ 16-8-41 (a) (armed robbery), 16-5-21 (a) (2) (aggravated assault), 16-5-41 (a) (false imprisonment), and 16-11-106 (b) (1) (possession of a firearm during the commission of a felony).

Bush also argues that his actions during the crimes in question were done under duress and coercion by Sapp. In order to show a justification defense of coercion, Bush must prove his criminal acts were "performed under such coercion that the

person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." OCGA § 16-3-26. Furthermore,

> [i]n order for duress or fear produced by threats or menaces[ ] to be a valid legal excuse for doing anything which would otherwise be criminal, the act must have been done under such threats or menaces as show that life or member was in danger, or that there was reasonable cause to believe that there was such danger. The danger must not be one of future violence but of present and immediate violence *at the time of the commission of the forbidden act*."

(Citations and punctuation omitted; emphasis in original.) *Holder v. State*, 194 Ga. App. 790, 794 (4) (391 SE2d 808) (1990). The trial court appropriately charged the jury regarding the defense of coercion. And, "[i]t is the jury's role to resolve evidentiary conflicts, determine witness credibility, and decide the reasonableness of hypotheses." *Martinez v. State,* 303 Ga. App. 71, 74 (1) (692 SE2d 737) (2010). Having received the proper charge regarding coercion and duress from the trial court, the jury was authorized to reject Bush's claim that he was coerced into participating in the crimes. See *Treadwell v. State*, 272 Ga. App. 508, 509-510 (1) (613 SE2d 3) (2005).

2. Bush asserts the trial court's question during Shanteria Jackson's testimony conveyed an opinion regarding her credibility and bolstered the State's case. We disagree. OCGA § 17-8-57 provides:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

"To violate this statute, the comments must focus on a disputed issue of fact." (Citation and footnote omitted.) *Smith v. State*, 275 Ga .App. 60, 63(4) (619 SE2d 694) (2005). We must determine whether there existed such a violation. *State v. Gardner*, 286 Ga. 633, 644 (690 SE2d 164) (2010).

During Jackson's testimony alleging her coerced role in the armed robbery, the trial judge asked, "Did you tell the judge before whom you entered your plea of guilty to robbery, that you were forced to do it?" Jackson responded, "No, sir." Earlier in her testimony, Jackson had explained that although she was coerced by Sapp, she nevertheless pleaded guilty because "[her] lawyer said if [she] took it to trial and . . . lost [she] could be facing a life sentence." Bush argues that the trial court's

5

questioning of Jackson expressed and intimated the court's opinion regarding the credibility of Jackson's testimony concerning Bush's alleged involuntary and coerced participation in the robbery.

OCGA § 17-8-57 gives the trial court the authority to "propound questions to a witness to develop the truth of a case or to verify testimony." *Foster v. State*, 314 Ga. App. 642 (2012). "[A]nd the extent of such an examination is a matter for the trial court's discretion." (Citation and punctuation omitted.) *Finley v. State*, 286 Ga. 47, 51 (9) (a) (685 SE2d 258) (2009). Here we recognize no violation of OCGA § 17-8-57 in the trial court's question. The intent of the question was to clarify Jackson's previous testimony concerning her explanation of why she pleaded guilty when she claimed she was threatened by Sapp. The question did not express or intimate the trial judge's opinion as to Jackson's credibility. See *Callaham v. State,* 305 Ga. App. 626, 628-629 (2) (700 SE2d 624) (2010) (trial court's questions to victim's wife were posed to clarify wife's confusing testimony concerning whether she identified defendant as shooter).

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*