**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**May 3, 2013**

# In the Court of Appeals of Georgia

A13A0117. HARRELL v. THE STATE.

MILLER, Judge.

Following a jury trial, Clifton Commodore Harrell was convicted of seven counts, Count 1, armed robbery (OCGA § 16-8-41); Count 2, aggravated assault with intent to rob (OCGA § 16-5-21); Count 3, aggravated assault with a knife (OCGA § 16-5-21); Count 4, robbery by force and intimidation (OCGA § 16-8-40); Count 5, battery (OCGA § 16-5-23.1); Count 6, possession of a knife during commission of a felony (OCGA § 16-11-106); and Count 7, contributing to the delinquency of minor Whitney Bonds (OCGA § 16-12-1). Harrell filed a motion for new trial, which was partially denied.[1] On appeal, he contends that the evidence was legally insufficient

---

[1] In partially granting his motion for new trial, the trial court amended its sentence to merge Counts 3, 4, 5, and 6 into Count 1.

and that the trial court violated OCGA § 17-8-57 by cross-examining a witness and intimating to the jury her opinion of the witness's credibility. We reverse the conviction of armed robbery, affirm the legal sufficiency of the evidence on the remaining counts, remand to the trial court for resentencing, and find no error in the trial court's questioning of the witness.

In weighing the sufficiency of the evidence, this Court construes the evidence at trial, and all reasonable inferences from it, most strongly in favor of the jury's verdict, and the defendant no longer enjoys a presumption of innocence. *Brown v. State*, 293 Ga. App. 633-634 (667 SE2d 899) (2008). We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. Id.

So viewed, the evidence showed that Johnny Monroy moved to Rome in July 2011 to assist his aunt in managing her recently purchased market. He met Whitney Bonds, who is appellant Harrell's niece, a few weeks later. Although Bonds told him she was eighteen, she was sixteen. The two exchanged phone numbers and became friends. Sometime in November, Monroy texted a picture of cash from his aunt's market to Bonds, in an effort to impress her.

On November 21st, Monroy and Bonds drove around and hung out together. When Monroy returned to the car after buying dog food, Bonds suggested that they pick up Bonds's friend and go to a party. They proceeded to a Citgo station and picked up Christina Gettrost.[2]

Earlier that evening, Gettrost, Harrell, and co-defendant Phillip Johnson had been riding around when Harrell began talking on his cell phone talking about planning to rob Monroy. After Gettrost got into the truck with Monroy and Bonds, she and Bonds directed Monroy to a park around 10:30 or 11:00 p.m. On the way to the park, Bonds and Gettrost sent text messages to Harrell informing him of their actions. Upon arriving at the park, Monroy noticed another vehicle parked there, with its lights off. Although Monroy started to drive off a couple of times, Bonds and Gettrost kept telling him to stay. When Monroy had parked the truck, Gettrost reached over and pulled the keys out of the ignition. Harrell and Johnson then walked up to the truck and Johnson yanked Monroy out of the truck. Harrell and Johnson then began verbally berating Monroy and pushing and punching him. Monroy felt

---

[2] Bonds, a juvenile, and Gettrost were charged as co-defendants in the indictment. Gettrost pled guilty to robbery and testified against Harrell. Another co-defendant, Phillip Johnson, was tried with Harrell.

someone going through his pockets and removing his wallet. Then, Harrell and the others began to kick Monroy while he was on his stomach on the ground.

As Monroy attempted to get up, Harrell pulled a knife on him, telling him not to move or he would cut him. When Monroy tried to move again, Harrell held the knife close to his face, stating "I'll kill you." Monroy heard one of the young women say to throw his truck keys and cell phone away because he would call the cops. After Harrell and the others left, Monroy proceeded to a road where he waved down a man who called police. Monroy suffered a split lip and bruising on his face. Monroy was robbed of a thousand dollars in cash, along with his keys and cell phone. The cell phone and keys were found by officers near the park's boat ramp. Bonds, Gettrost, Harrell and Johnson proceeded to another location where Harrell divided up the money among them.

1. In his first enumeration, Harrell contends, and the State agrees , that the evidence was insufficient to support the conviction of armed robbery because Harrell did not use the knife prior to or contemporaneously with the taking of the money, but rather in assaulting Monroy after his wallet had been taken. The evidence confirms that Harrell did not commit armed robbery because OCGA § 16-8-41 (a) "clearly contemplates that the offensive weapon be used as a concomitant to a taking which

4

involves the use of actual force . . . against another person." (Citation and punctuation omitted.) *Johnson v. State*, 288 Ga. 771, 773 (1) (a) (707 SE2d 92) (2011). Therefore, Harrell's conviction of armed robbery is reversed and this case is remanded for resentencing on the remaining counts.

2. Harrell's second enumeration is that the trial court improperly commented on the evidence and the credibility of Gettrost, thereby violating OCGA § 17-8-57. We disagree.

"It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57.[3]

Harrell's argument is focused on the trial court's questioning of Gettrost about her relationship with Bonds prior to the incident at issue and the chronology of the events of the evening. As Gettrost acknowledged during her direct examination by the State, she was less than forthcoming during her interview with the detective and told several different versions of what occurred that night. The detective testified

[3] Although defense counsel failed to object to the trial judge's questions, that failure did not waive the issue on appeal. See *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010). In the context of OCGA § 17-8-57, the issue on appeal is simply whether there was a violation of the statute. See id.

concerning his lengthy interview of Gettrost, the inconsistencies in her testimony, and his opinion that she was trying to protect co-defendant Johnson. Following Harrell and Johnson's cross-examinations of Gettrost, the trial court asked the questions of which Harrell complains. The trial court's questions were directed at clarifying how Gettrost became involved in the situation and how the idea of the robbery originated.[4]

A trial court may propound questions to a witness in order to develop the truth of a case or to clarify testimony. *Finley v. State*, 286 Ga. 47, 51-52 (9) (685 SE2d 258) (2009); *Bush v. State*, 317 Ga. App. 439, 441-442 (2) (731 SE2d 121) (2012). The extent of such an examination is a matter for the trial court's discretion. *Finley v. State*, supra; see also *Littlejohn v. State*, 2013 Ga. App. Lexis 153, *15 (2) (Case No. A12A2456, issued March 8, 2013).

Having reviewed the transcript here, the trial court's questions to Gettrost did not express or intimate an opinion on the evidence or Harrell's guilt. Accordingly, no violation of OCGA § 17-8-57 occurred.

3. Finally, Harrell contends that the evidence of his guilt of the remaining offenses is legally insufficient. We disagree.

---

[4] Harrell's contention that the trial court's reference to Monroy as "victim" on two occasions violates the statute is unavailing, because Gettrost had repeatedly referred to him as "victim" during her direct and cross-examinations.

As set out above, viewed in favor of the jury's verdict, the evidence was more than sufficient to convict Harrell of the remaining charges against him: Count 2, aggravated assault with intent to rob; Count 3, aggravated assault with a knife; Count 4, robbery by force and intimidation; Count 5, battery; Count 6, possession of a knife during commission of a felony (robbery and aggravated assault); and Count 7, contributing to the delinquency of minor Whitney Bonds.

*Judgment affirmed in part, reversed in part and remanded with direction. Barnes, P. J., and Ray, J., concur.*