**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 18, 2015**

# In the Court of Appeals of Georgia

A15A0513. ATTAWAY v. THE STATE.

RAY, Judge.

A Richmond County jury convicted Tracey Antonio Attaway of one count of armed robbery (OCGA § 16-8-41 (a)), one count of aggravated assault (OCGA § 16-5-21 (b) (2)) and two counts of possession of a knife during the commission of a crime (OCGA § 16-11-106 (b)). He appeals from that conviction, arguing that the evidence was insufficient to support his convictions and that he was improperly sentenced on the armed robbery conviction. For the following reasons, we reverse Attaway's convictions for armed robbery and one count of possession of a knife during the commission of a crime, affirm his remaining convictions, and remand the case to the trial court for re-sentencing.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence adduced at trial shows that the day after Thanksgiving, Kevin Laird, a loss prevention manager at Best Buy, was informed that a co-worker observed Attaway open a sealed box and attempt to put a laptop computer down his pants. As Laird approached Attaway, he observed the laptop box in Attaway's shopping cart and noticed that he was trying to conceal a laptop with his shirt. Laird told Attway that he needed to recover the evidence, and Attaway responded that he did not know what Laird was talking about. Tommy Walker, another store employee, approached, and Attaway tried to run away. Attaway and Walker were involved in a scuffle which knocked over several customers and store displays. Laird testified that Attaway pulled out a knife to effectuate his escape during the scuffle. Laird told the crowd of customers to get away because Attaway had a knife, and Attaway ran out the store's front door. Attaway dropped the laptop while running. After checking on those inside, Laird went to the door and saw Attaway scuffling with some Marines who had been collecting items for Toys for Tots outside.

Patrick Youssef, a Best Buy customer that day, testified that he saw the scuffle begin and that he saw Attaway holding a knife during his interaction with Walker.

2

Yousseff testified that once Attaway was outside, he fell down and that "Marines [were] standing over him. And then [Attaway] got up and did almost a jump step . . . and it almost looked like he was trying to go through and over the Marine and he was above him and stabbed down into his back." Youssef testified that it did not appear that the stabbing was an accident. Youssef, a doctor, tended to the Marine's wound until the EMTs arrived. He testified that the wound was located near the Marine's spine, was three to four centimeters long, and was "bleeding pretty profusely."

Sergeant Phillip Duggan was the Marine stabbed by Attaway. He testified that he had been collecting for Toys for Tots outside the store when he saw a man running outside the store and heard someone yell "someone get him." Attaway attempted to run around Duggan, and both men fell, a scuffle ensued, and Attaway was subdued on the ground by other Marines. Duggan noticed that Attaway had a knife during the scuffle, and once Attaway was secured, he realized that he had been stabbed in the back. Other Marines testified that they witnessed Attaway stab Duggan and that the act did not appear to be accidental. A knife with a four-inch blade was recovered from Attaway.

When Attaway was arrested, more stolen Best Buy merchandise was discovered on his person, including two cameras, batteries, a PlayStation 3 accessory, and chargers. Subsequent examination of the laptop box revealed that it had been sliced with a blade and not ripped open.

Attaway was then transported to the Sheriff's office. After being advised of his *Miranda* rights, he initially stated that he "would keep his statements to himself[.]" Attaway then changed his mind and asked to make a statement without being recorded. Attaway asked what he had been charged with, to which the interviewing officer responded, aggravated assault, armed robbery and possession of a knife during the commission of a crime. Attaway claimed that he did not try to hurt anyone. When the officer informed him that several people saw him stab Duggan, Attaway stated "well[,] I'll give you that one[,] but I didn't rob anybody."

1. Attaway contends that the evidence was insufficient to support each of his convictions. In weighing the sufficiency of the evidence, this Court construes the evidence at trial, and all reasonable inferences drawn from it, most strongly in favor of the jury's verdict, and the defendant no longer enjoys a presumption of innocence. *Brown v. State*, 293 Ga. App. 633, 633 (667 SE2d 899) (2008). We do not weigh the

4

evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. Id. We will address each conviction in turn.

(a) Attaway contends that the evidence was insufficient to support his armed robbery conviction because the State "failed to establish that [Attaway] used the knife offensively and failed to show that [the knife] was used to effectuate an unlawful taking." We agree.

Armed robbery occurs when the defendant, "with the intent to commit theft, . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). This Court has held that the "offensive weapon must be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person which must either precede or be contemporaneous with, and not subsequent to, the taking." (Punctuation and footnotes omitted.) *Oliver v. State*, 232 Ga. App. 816, 817 (1) (503 SE2d 28) (1998). Accord *McKissic v. State*, 178 Ga. App. 23, 23-24 (1) (341 SE2d 903) (1986).

The indictment charged that Attaway committed armed robbery in violation of OCGA § 16-8-41 (a) by taking a laptop computer and other Best Buy merchandise "from the immediat[e] presence of Tommy Walker, by use of a knife, an offensive

weapon." The State therefore was required to prove beyond a reasonable doubt that Attaway's use of the knife occurred "prior to or contemporaneously with the taking." (Citations and punctuation omitted.) *Fox v. State*, 289 Ga. 34, 36 (1) (b) (709 SE2d 202) (2011). Our Supreme Court has held that the "'taking' of property is not a continuing transaction which ends only when the defendant leaves the presence of the victim. Instead, the taking is complete once control of the property is transferred involuntarily from the victim to the defendant, even if only briefly." (Citations omitted.) Id. Accord *Hicks v. State*, 232 Ga. App. 393, 402-403 (207 SE2d 30) (1974).

In *Hicks*, the defendant entered the victim's house while she was asleep. He first took her wallet and then awakened her at gunpoint to demand more money. When he did not receive any, he left. Our Supreme Court declined to adopt the State's theory that the taking of the billfold was a "continuing transaction that ended only when [the defendant] left the house." (Citation omitted.) *Hicks*, supra at 403. Rather, the Court found "it impossible to reconcile the theory of a 'continuing transaction' with previous decisions . . . which have held that force used in an attempt to escape with property taken by larceny does not transform the crime into robbery." (Citations and punctuation omitted.) Id. Concluding that the "taking" in the case occurred when

the wallet was removed from the victim's purse while the victim was asleep, and not thereafter, our Supreme Court reversed the armed robbery conviction.

Here, Attaway was already in possession of the laptop computer and Best Buy merchandise when confronted by employees Laird and Walker. Although there is evidence showing that Attaway used the knife in his attempt to escape the store with the stolen merchandise, there is no evidence that he used the knife in an offensive manner to possess the merchandise in the first place. Rather, Attaway's use or threats to use the knife occurred *after* the theft was completed. Accordingly, under our Supreme Court's rationale in *Fox*, we are constrained to agree that the evidence was insufficient to support Attaway's conviction of armed robbery. See *Harrell v. State*, 321 Ga. App. 707, 709 (1) (742 SE2d 521) (2013) (evidence that defendant used or threatened to use a knife *after* the taking was completed, rather than prior to or contemporaneously with the taking, was insufficient to support conviction of armed robbery). Compare *Alford v. State*, 204 Ga. App. 14, 15 (418 SE2d 397) (1992) (defendant's display of closed knife in his hand prior to taking possession of beer was sufficient to sustain conviction of armed robbery). Therefore, Attaway's conviction of armed robbery is reversed, and the case is remanded for re-sentencing on the remaining counts.

7

(b) Attaway argues that there was insufficient evidence to support his aggravated assault conviction because the evidence "at trial failed to establish that [Attaway] used the knife intentionally against Duggan." We disagree.

A person commits the offense of aggravated assault when he assaults another with a deadly weapon. OCGA § 16-5-21 (b) (2). To prove the offense, the State must show that a defendant intended "to commit the act which in fact places another in reasonable apprehension of injury or actually results in injury, not a specific intent to cause such apprehension or injury." (Punctuation and footnote omitted.) *Ganaway v. State*, 282 Ga. 297, 299 (2) (647 SE2d 590) (2007).

Here, there was evidence that Youssef and several other Marines at the scene witnessed Attaway use the knife in his attempt to escape and to stab Duggan, and they testified that the act did not appear to be accidental. This is sufficient to support his conviction. See *Cockrell v. State*, 281 Ga. 536, 536-537 (1) (640 SE2d 262) (2007) (evidence sufficient to support conviction of aggravated assault and possession of a knife during the commission of a crime when defendant, armed with a knife, stabbed an unarmed victim during a physical altercation).

(c) Attaway correctly contends that one count of his possession of a knife during the commission of a felony must be reversed because it was premised on the

8

armed robbery count, which was without sufficient evidentiary support. See *King v. Waters*, 278 Ga. 122, 123-124 (2) (598 SE2d 476) (2004); *Jackson v. State*, 309 Ga. App. 24, 29 (1) (b) (709 SE2d 44) (2011). However, as we affirmed his conviction for aggravated assault, we affirm the remaining count of possession of a knife during the commission of a felony, which was predicated on that aggravated assault charge.

2. Because we reverse Attaway's armed robbery conviction, we need not reach his enumeration of error that he received an improper sentence for that conviction.

*Judgment affirmed in part, reversed in part, and case remanded. Barnes, P. J., and McMillian, J., concur*.