**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 12, 2016**

# In the Court of Appeals of Georgia

A16A1000. NEWBY v. THE STATE.

RAY, Judge.

A jury convicted Matt Jonathan Newby of aggravated assault (OCGA § 16-5-21 (b) (2)) and theft by taking (OCGA § 16-8-2). He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to sustain his convictions, that the trial court erred in failing to exercise its discretion to overturn the verdict on the general grounds, and that he received ineffective assistance of counsel. For the reasons that follow, we affirm.

The evidence adduced at trial shows that on the morning of October 27, 2014, the victim, Marcus Moss, moved his motorcycle from storage in his girlfriend's barn and parked it in the carport in front of her house. Moss then went back inside the house. When Moss later exited the house, he found that his motorcycle was missing.

Seeing Moss searching around, a neighbor, Erwin Stephens, called out to him and relayed that he had seen a white male push the motorcycle down the street just minutes earlier. Moss got into Stephens's car, and Stephens drove down the street in the direction that he had seen the unidentified male push the motorcycle. Moss spotted his motorcycle with Newby sitting atop it outside of a house owned by Newby's mother. When Moss confronted him, Newby started the motorcycle and sped toward Moss, forcing him to move out of the way to avoid being hit as Newby took off and disappeared. Stephens then drove Moss back to his house, and Moss called the police.

Later that day, after the police made a report and left to investigate, Newby's brother, Justin Newby, knocked on Moss's door and took Moss to a vacant house where Justin returned Moss's motorcycle to him. The motorcycle had been "hot-wired," causing about $1,200 worth of damage. A jury later convicted Matt Newby of aggravated assault and theft by taking.

Newby challenges his conviction under both sufficiency of the evidence and the general grounds pursuant to OCGA §§ 5-5-20, 5-5-21. These are separate issues requiring separate analyses.

1. We turn first to an analysis of the sufficiency of the evidence. On appeal, we view the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 S.Ct. 2781, 61 L.Ed.2d 560) (1979). Furthermore, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-14-6.

> [W]here the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court.

(Footnote omitted.) *McClain v. State*, 301 Ga. App. 844, 847 (1) (689 SE2d 126) (2010).

(a) To establish theft by taking, the prosecution was required to show that the defendant "unlawfully [took], or being in lawful possession thereof, unlawfully appropriate[d] any property of another with the intention of depriving him of the property, regardless of the manner in which the property [was] taken or appropriated."

3

OCGA § 16-8-2. In *Jefferson v. State*, 273 Ga. App. 61, 63 (1) (614 SE2d 182) (2005), this Court stated that "[e]vidence of recent unexplained possession of stolen property will authorize but not require the trier of fact to infer guilt and an appellate court *may* find it sufficient in itself to support a conviction for the crime of theft by taking." (Citations and footnotes omitted; emphasis in original). The nearer the time of the theft to the possession of the item stolen, the stronger the presumption of guilt. *Williamson v. State*, 248 Ga. 47, 48 (1) (a) (281 SE2d 512) (1981). See also *Jefferson*, supra, at 63-64 (1) (denying insufficient evidence claim where defendant possessed and pawned stolen property within hours of the theft).

Here, the prosecution showed that Moss and Stephens saw Newby sitting on the motorcycle minutes after the theft and witnessed Newby's flight on the motorcycle when Moss confronted him. Moss and Stephens also identified Newby in court as the person on the motorcycle when they approached. The reliability of Moss and Stephens's identification of Newby can hardly be doubted, as testimony shows that Newby was not wearing a helmet during the confrontation. The fact that Newby was found in possession of the motorcycle by the victim within minutes of the theft makes his guilt even more convincing than that of the defendant in *Jefferson*, supra. The prosecution's case is further strengthened by Newby's flight atop the

4

motorcycle after the confrontation with Moss. See generally *Bryson v. State*, 316 Ga. App. 512, 513-515 (1) (729 SE2d 631) (2012) (finding circumstantial evidence of guilt where defendants fled from, inter alia, crime scene and victims in rest area after committing armed robbery); *Durham v. State*, 309 Ga. App. 444, 445-446 (1) (710 SE2d 644) (2011) (a defendant's efforts to avoid capture may offer circumstantial evidence of guilt).

These facts are sufficient to sustain Newby's conviction for theft by taking. The jury rejected the defense's proffered explanation that Justin Newby stole the motorcycle and, having heard the testimony of all the witnesses, was in a better position than this Court to evaluate the facts. *See McClain*, supra, at 847 (1); *London v. State*, 235 Ga. App. 30, 32 (1) (c) (508 SE2d 247) (1998) ("Whether or not a defendant's explanation is satisfactory or reasonable is a question for the jury").

(b) The relevant portion of Georgia's aggravated assault statute requires the prosecution to show that a defendant committed assault "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-5-21 (b) (2). The crime of assault in Georgia requires that the defendant "[a]ttempt[ed] to commit a violent injury to the person of another; or [c]ommit[ted] an act which place[d]

5

another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a). The prosecution need only show "that a defendant intended to commit the act which in fact places another in reasonable apprehension of injury or actually results in injury, not a specific intent to cause such apprehension or injury." (Citation and punctuation omitted.) *Attaway v. State*, 332 Ga. App. 375, 378 (1) (b) (772 SE2d 821) (2015). The element of reasonable apprehension does not require that the victim testify to having felt fear. See *Lunsford v. State*, 260 Ga. App. 818, 821 (2) (581 SE2d 638) (2003).

Here, the evidence presented by the State established the elements of assault beyond a reasonable doubt. The prosecution need not show that Newby intended to scare Moss, only that he intentionally committed the act which put Moss in reasonable apprehension of receiving a violent injury. See *Attaway*, supra. Stephens testified that Moss demanded the return of his motorcycle, and while Moss's hands were on the motorcycle, Newby jumped up and down on the motorcycle in an attempt to make it start during the confrontation. When the motorcycle started, Moss moved to avoid being hit when Newby "spinned off into his yard and left . . . burning rubber." Therefore, the prosecution showed that Newby acted intentionally. The State also showed that Moss was in reasonable apprehension of receiving a violent injury.

6

See *Lunsford*, supra. Moss testified that he jumped aside and put out his hands to avoid being hit by the motorcycle when Newby took off on it. Both he and Stephens testified that Moss would have been run over had he not moved out of its path. Moss also testified as to the weight of the motorcycle, 200 or 300 pounds, and the high speed at which Newby was traveling when he took off on it. Therefore, the prosecution proved that Moss was "in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). The prosecution's charge, which referred to the motorcycle as "an object which when used offensively against another is likely to cause serious bodily injury," was also correct. See generally *Turner v. State*, 281 Ga. 487, 489 (1) (b) (640 SE2d 25) (2007) (finding that although an automobile is not necessarily a deadly or offensive weapon, it may become one depending on how it is used). Therefore, the prosecution proved the material elements of aggravated assault beyond a reasonable doubt.

Newby countered that he was not at his mother's house on the day of the crimes and, therefore, could not have been the person riding the motorcycle that nearly struck the victim. Justin testified that Newby was not around the house that day. However, Moss and Stephens gave the opposite testimony, identifying Newby as the person on the motorcycle during the confrontation. Moss testified that Newby was not wearing

7

a helmet during the confrontation, which lends further credence to his testimony, and Moss identified Newby prior to trial when a police officer showed him Newby's driver's license. As stated above, a jury is better equipped than this Court to evaluate the credibility of witnesses. See *McClain*, supra, at 847 (1). As in *Woodall v. State*, 159 Ga. App. 832, 832 (285 SE2d 582) (1981)*, where this Court affirmed a conviction for aggravated assault which was based on contradictory witness testimony, the jury here heard the testimony of the State's witnesses and found Newby guilty despite testimony in his favor.

This Court is bound to uphold the jury's determination by the standard provided in *Jackson*, supra. The evidence was sufficient to prove aggravated assault and theft by taking beyond a reasonable doubt.

2. Newby also raised the general grounds in his motion for new trial. OCGA §§ 5-5-20, 5-5-21 empower the trial court to "sit as a thirteenth juror" when considering a motion for new trial on these grounds. ( Citation omitted.) *Conley v. State*, 329 Ga. App. 96, 100 (2) (763 SE2d 881) (2014). In so doing, the trial court shall exercise its discretion in weighing the evidence to decide whether to grant a new trial. Id. Even when, as above, evidence is sufficient to sustain a jury conviction, the trial court may grant a new trial "[i]n any case when the verdict of a jury is found

contrary to evidence and the principles of justice and equity. . . .," OCGA § 5-5-20, or "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21.

Here, the testimony of Moss and Stephens was more than adequate to support the verdict. Accordingly, the trial court did not abuse its discretion in denying Newby's motion for new trial based on the general grounds. See *Rowland v. State*, 228 Ga. App. 66, 68 (2) (491 SE2d 119) (1997). Therefore, we affirm the trial court's ruling denying Newby's motion for new trial as to the general grounds.

3. Newby also argues that he received ineffective assistance of counsel. He bases this claim on trial counsel's failure to present certain alibi witnesses, failure to conduct a pretrial investigation, and failure to present an expert witness in cross-racial identification. We find no error.

An ineffective assistance of counsel argument requires satisfaction of a two-pronged test: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 S.Ct. 2052, 80 L.Ed.2d 674) (1984). For counsel's performance to reach the required level

9

of deficiency, the defendant must prove that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In analyzing defendant's showing, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689 (III) (A). Tactical decisions receive even greater deference, only forming the basis of an ineffective assistance claim if a decision is "so patently unreasonable that no competent attorney would have chosen it." (Citations omitted.) *Romer v. State*, 293 Ga. 339, 344 (3) (745 SE2d 637) (2013). However, counsel does not automatically receive protection from complaints pertaining to strategy or tactics if the decision was "an unreasonable one no competent attorney would have made under the same circumstances." (Citation and punctuation omitted.) *Benham v. State*, 277 Ga. 516, 518 (591 SE2d 824) (2004).

The prejudice prong of the *Strickland* test requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, supra, at 694 (III) (B). Finally, in reviewing claims of ineffective assistance, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous,

10

but we independently apply the legal principles to the facts." *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012).

(a) The tactical decision of whether to present an alibi defense "after thorough investigation and client consultation[] is virtually unchallengeable[.]" (Citation omitted.) *Walker v. State*, 280 Ga. App. 457, 462 (6) (a) (634 SE2d 93) (2006). Newby claims that trial counsel's failure to call Diana Daniels to testify as an alibi witness prejudiced the defense. The trial court considered Daniels's testimony at its hearing on Newby's motion for new trial. During the hearing on Newby's motion, Daniels first stated that she was at her home with Newby starting the night before the events leading up to these crimes until late afternoon on the day of the crimes. However, when questioned specifically about the date, she responded, "Oh, no. I think it was – what was that day? I don't know. I don't know what day it was." Trial counsel also testified at the hearing that she did interview Daniels and that Daniels told her that she dropped Newby off in the morning before the crime took place and could not verify his location after that point. Trial counsel testified that she decided not to call Daniels as a witness because she did not believe her testimony would be helpful.

11

Clearly, trial counsel made a reasonable strategic decision not to call Daniels as an alibi witness. The trial court did not err. See *Jones v. State*, 315 Ga. App. 427, 433 (3) (727 SE2d 216) (2012) (denying claim of ineffective counsel where counsel did not present alibi witnesses after none of the witnesses he interviewed could give him information on defendant's whereabouts at the time of the crime).

(b) Newby also contends that trial counsel's failure to call someone named Tracy Poore as an alibi witness prejudiced the defense. However, Newby made no proffer as to Poore's testimony at the motion for new trial hearing.

> "To prove the prejudice prong of Strickland on a claim that trial counsel failed to call a witness, a defendant must show the witness's expected testimony by presenting either live testimony of the witness, an affidavit from the witness, or a legally recognized substitute for the uncalled witness's testimony . . . [Newby] failed to produce an affidavit or any other legally recognized substitute for [their] testimony. Accordingly, [Newby] failed to establish his claim of ineffective assistance of counsel on this ground."

(Citations omitted.) *Janasik v. State*, 323 Ga. App. 545, 554 (4) (b) (746 SE2d 208) (2013).

(c) Newby also argues that he was denied effective assistance of counsel because of trial counsel's failure to conduct a pretrial investigation, which led to her subsequent failure to adequately cross-examine witnesses. This part of the

12

enumeration appears to reference both potential alibi witnesses as well as other unnamed witnesses. However, Newby presents no proffer as to how these witnesses would have testified; he does not even identify them. Nor does he proffer any specifics as to what a more thorough investigation would have revealed. Newby has failed to meet his burden of showing either prejudice or deficient performance. *Shank v. State*, 290 Ga. 844, 848 (5) (a) (725 SE2d 246) (2012) (finding no ineffective assistance where defendant failed to show what a more thorough investigation would have shown); *Janasik*, supra.

(d) Newby also claims that he was denied effective assistance of counsel because trial counsel failed to call an expert witness in cross-racial eyewitness identification. Newby did not raise this issue in his motions for new trial, nor did the trial court address it. Thus, we do not consider it on appeal. See *Garrett v. State*, 285 Ga. App. 282, 287 (5) (e) (645 SE2d 718) (2007).

For the foregoing reasons, we affirm the trial court's denial of Newby's motion for new trial on the basis of ineffective counsel.

*Judgment affirmed. Doyle, C. J., and Andrews, P. J., concur.*